**GLOBAL NATURAL RESOURCES, et al., Appellants,**

v.

**BEAR, STEARNS & COMPANY, Appellee.**

No. 05–82–01041–CV.

Court of Appeals of Texas, Dallas.

Nov. 23, 1982.

Coke & Coke, T.L. Caudle, William Frank Carroll, Gene F. Stevens, Thompson & Knight, George Chapman, Ralph I. Miller, Dallas, Paul L. Friedman, Washington, D.C., for appellants.

Akin, Gump, Strauss, Hauer & Feld, David Musslewhite, Robert E. Goodfriend, Dallas, for appellee.

Before GUITTARD, C.J., and SPARLING and FISH, JJ.

FISH, Justice.

On this appeal from a temporary restraining order, we have been asked to accelerate our review. At the threshold, we must address two questions concerning our power to grant relief. First, is the temporary restraining order issued by the trial court appealable? Second, can we expedite review of the trial court's order before the usual appellate record is filed? In the circumstances here presented, we answer both questions affirmatively. With those threshold issues resolved in favor of our power to act, we reverse and dissolve the trial court's temporary restraining order.

## Background of the Dispute[1]

Global Natural Resources PLC is a corporation chartered under the Companies Act of the United Kingdom. Its shares are held in bearer form, so that no one has a list of shareholders. Bear, Stearns is an investment partnership based in New York City, with offices in Dallas, Houston and other major cities throughout the world. John W. McFarlane is a Texas resident who founded McFarlane Oil Co., Inc., a Texas corporation engaged in the oil and gas business.

Earlier this year, Bear, Stearns and others holding Global shares determined to seek the ouster of Global's present management. They offered a slate of nominees in opposition to management's slate at the annual meeting scheduled for June 4, 1982. Shortly after these facts became known, Global announced its intention to acquire McFarlane Oil Company through a merger, by exchanging 3,250,000 shares of previously unissued Global stock, or 13% of the total outstanding, for McFarlane Oil Company's shares. Global also announced postponement of the annual meeting to September 13, 1982.

## The Previous Litigation

Opponents of Global's present management filed suit on July 2, 1982, in the English High Court of Justice, Chancery Division, to stop the merger with McFarlane, claiming that the incumbents were seeking to perpetuate themselves in office by placing a large block of stock in friendly hands before the annual meeting. On August 12, the vice-chancellor (trial judge) in London denied any relief that would have restrained the merger. This decision was affirmed by the Supreme Court of Judicature, Court of Appeals, on August 25.

While the English case was on appeal, another opponent of the Global management brought suit in federal district court in Cincinnati, Ohio, seeking an injunction against the Global-McFarlane merger. The district court granted plaintiff a temporary restraining order on August 24. On September 3, the U.S. Court of Appeals for the Sixth Circuit reversed the trial court's grant of the restraining order and remanded for further proceedings. After a further hearing, the federal district court in Ohio denied, on September 9, any injunctive relief to prevent the merger.

## The Present Suit

Meanwhile, Bear, Stearns brought this suit in the district court of Dallas County on September 3. Like the suits in London and Cincinnati, Bear, Stearns' suit complained that the Global-McFarlane merger was an effort to perpetuate the present Global management in office. It prayed for injunctive relief to restrain completion of the merger, holding of the shareholder meeting on September 13, and voting of the Global shares issued to the former shareholders of McFarlane. Although the suit was filed on Friday, September 3, no application for injunctive relief was presented to the district court until Thursday, September 9. In that interim, the merger between Global and McFarlane was completed.

Mid-afternoon on September 9[2], the district court signed a temporary restraining order prohibiting any action by defendants to (1) consummate the Global-McFarlane merger; (2) vote the Global shares issued to the McFarlane shareholders under the merger agreement; (3) postpone or adjourn the annual meeting scheduled for September 13 on the Isle of Jersey in the British Channel Islands; (4) postpone or delay the voting for directors at the annual meeting. Two of the parties restrained, Global and

1. The facts recited below are distilled from the representations of counsel at oral argument and from the original papers filed in the trial court, submitted to us at oral argument in lieu of a transcript, which have subsequently been incorporated into a transcript while this opinion was in preparation.

2. The federal district judge in Ohio denied injunctive relief on the morning of September 8. The temporary restraining order in this case, granting essentially the same relief denied by the federal court in Ohio, was signed at 3:05 p.m. on September 9.

McFarlane, filed motions with the district court on Friday morning, September 10, to dissolve the restraining order issued the day before. The district court held a one or two-hour hearing on the motions late that morning but declined to rule without further study. The trial judge requested the parties to return at 4 p.m. for additional proceedings. When the parties returned at the appointed time, the judge stated that he had been occupied with other matters and would be unable to rule that day.

Later that day, Global and McFarlane filed with this court a motion to accelerate their appeal of the district court's restraining order. Because the appeal was not undertaken until late Friday afternoon, the district clerk was unable to prepare a transcript before his office closed for business that day.

We granted the motion to accelerate the appeal and forthwith heard oral argument on the jurisdictional questions previously mentioned, as well as on the merits of the appeal. After the hearing, at about 7:45 p.m. on September 10, the panel orally announced its decision, which was promptly reduced to written judgment. We now explain in greater detail the reasons for the results reached.

### Appealability of the Temporary Restraining Order

█ The trial court signed the temporary restraining order granting injunctive relief without notice or hearing. The order scheduled an adversary hearing on a temporary injunction for September 17, four days after Global's annual meeting. By the terms of this *ex parte* order, the McFarlane shareholders were prevented from voting their shares at the annual meeting or from seeking a postponement of the meeting until the court could conduct the temporary injunction hearing. In effect, the McFarlane shareholders were thus deprived of a valuable property right—the right to vote their Global shares at the annual meeting— without trial or hearing. Under these circumstances, we concluded that the temporary restraining order was tantamount to a

temporary injunction because the effect of it on the parties went beyond protecting the *status quo* for a ten-day period. *See Plant Process Equipment, Inc. v. Harris,* 579 S.W.2d 53, 54–55 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Ellis v. Vanderslice,* 486 S.W.2d 155, 158–59 (Tex.Civ. App.—Dallas 1972, no writ).

### Adequacy of the Appellate Record

█ Shortly after the motion to accelerate this appeal was filed here late in the afternoon of Friday, September 10, we received the original papers from the trial court and an affidavit from a deputy district clerk that preparation of the transcript appellants requested would take several days. Because the authenticity of the pleadings and orders contained in the filed jacket from the trial court was not in dispute, counsel for the parties stipulated at oral argument that we could consider these original documents at the hearing in lieu of a partial transcript. Although we have been unable to find any explicit authority for this procedure in the rules, we hold that it substantially comports with Rules 375, 378, and 379. Tex.R.Civ.P. 375, 378 (Vernon 1967), 379 (Vernon Supp.1982). After our decision was rendered on September 10, but before this opinion was issued, appellants perfected the record by filing an original and supplemental transcript.

In their motion to accelerate the appeal, appellants requested that we dispense with the filing of briefs, a procedure authorized by Rule 385(f), Tex.R.Civ.P. (Vernon 1982). We granted their request and heard argument on September 10 without briefs. At the hearing, counsel for McFarlane and Global specified orally the points on which they were relying for reversal.

### Propriety of the Temporary Restraining Order

Counsel represented to us at oral argument that if the McFarlane shares in Global could not be voted at the September 13 annual meeting, the slate of nominees supported by Bear, Stearns and its allies would likely win; if, on the other hand, the

McFarlane shares were permitted to vote, Global's present management would likely be retained in office. Assuming the accuracy of these representations, it was apparent that whatever decision we reached on the merits would be likely to tip the scales for one side or the other at the impending annual meeting. Due to time differences between Dallas and the Isle of Jersey, Global's annual meeting was scheduled to begin less than sixty hours after we heard oral argument. An affirmance of the trial court's order, or a holding that it was not appealable, would probably mean election of the Bear, Stearns' slate; a reversal would probably produce the opposite result.

 It was equally apparent that election of the Bear, Stearns' slate would likely result in discontinuance of the litigation, for Bear, Stearns would then be in a position, through its newly-elected directors, to disavow the corporate policies or agreements which engendered this suit. The practical effect of the trial court's *temporary* order, therefore, was to give Bear, Stearns most of the relief it could ever obtain after trial on the merits, all without an adversary evidentiary hearing. *See Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460, 464 (1952): "It is error for a trial court to grant a temporary injunction, the effect of which would be to accomplish the object of the suit."

Under these circumstances, the trial court's order was erroneous because it granted temporary injunctive relief without notice and hearing as required by Rules 680 and 681, Texas Rules of Civil Procedure. *Millwrights Local Union No. 2484 v. Rust Engineering Co.,* 433 S.W.2d 683 (Tex.1968).

The temporary restraining order issued by the district court is reversed and dissolved.