

# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SEMI-TECH, INC., Appellant

No. 05-94-01508-CV      V.

MICHAEL B. BROWN, Appellee

Appeal from the 354th District Court of Rockwall County, Texas. (Tr.Ct.No. 1-94-274).

Opinion delivered by Justice Miller, Justices Baker and Maloney participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellee Michael B. Brown recover his costs of this appeal from appellant Semi-Tech, Inc. and from the cash deposit in lieu of cost bond. After all costs have been paid, the clerk of the 354th District Court of Rockwall County, Texas is directed to release the balance, if any, of the cash deposit to Semi-Tech, Inc.

Judgment entered ___February 1, 1995_____.


_____
CHUCK MILLER
JUSTICE



In The
## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-94-01508-CV

SEMI-TECH, INC., Appellant

V.

MICHAEL B. BROWN, Appellee

On Appeal from the 354th District Court
Rockwall County, Texas
Trial Court Cause No. 1-94-274

## OPINION

Before Justices Baker, Maloney, and Miller[1]
Opinion By Justice Miller

Semi-Tech, Inc. appeals from the trial court's denial of its request for a temporary

injunction. Semi-Tech sued to enforce a non-compete agreement against Michael B. Brown.

In nine points of error Semi-Tech contends the trial court erred in (1) denying Semi-Tech's

request for a temporary injunction, (2) reaching certain findings of fact and conclusions of

---

[1]The Honorable Chuck Miller, Judge, Texas Court of Criminal Appeals, Retired, sitting by assignment.

law, (3) denying relief because such relief would dispose of the whole case, and (4) admitting parol evidence of other employees' employment agreements. We affirm the trial court's order.

## FACTS

### *Undisputed Evidence*

Semi-Tech is a supplier and manufacturer of products used in the optical industry. Michael Brown was employed by Semi-Tech initially from 1970 through 1974. Brown was rehired in the summer of 1976. In the fall of 1976, Brown was promoted to the position of Sales Manager. In the mid 1980s, Brown was made Vice-President in charge of sales.

Semi-Tech and Brown entered into a written employment agreement in July 1977. The agreement recognizes that Brown would become privy to confidential information and that Semi-Tech would suffer if such information were divulged. Brown agreed not to disclose or use that confidential information following his termination. The agreement also contained Brown's promise for one year following the termination of his employment, or in the event of violation of the covenant not to compete for twelve months from the date on which Brown ceases to compete, not to: (1) sell, offer for sale, or solicit the sale of supplies and manufactured tools sold by Semi-Tech; (2) solicit, direct, take away, or attempt to take away Semi-Tech's customers or business; (3) train or supervise salesmen or perform similar services as those performed by Semi-Tech; (4) act as a sales agent for products for any company engaged in the manufacture or sale of supplies and tools competitive to Semi-

Tech; and (5) solicit or entice Semi-Tech's employees. These five restrictions applied: (a) within one-hundred miles of Dallas, Texas, (b) in any county in the United States where Brown performed duties for Semi-Tech, and/or (c) in any county where Semi-Tech has an office.

On May 18, 1994, Semi-Tech discharged Brown as a result of reorganization of its marketing department. In July 1994 he became national optical sales coordinator for Salem Distributing Company, Inc., one of Semi-Tech's competitors.

Semi-Tech filed suit, requesting the trial court to temporarily enjoin Brown from engaging in the activities prohibited by his employment agreement. The trial court denied the temporary injunction, entered findings of fact and conclusions of law and set the suit for trial on the merits. Semi-Tech then brought this interlocutory appeal.

*Conflicting Evidence*

Brown testified his compensation arrangement, which would for the first time allow him to earn commissions, was presented to him and became effective on May 5, 1977. Two months later he was presented with and signed an employment agreement which contained the covenant not to compete. At the time he signed the agreement not to compete, he was privy to all but one category of information which Semi-Tech contends is confidential. Semi-Tech, Brown argues, promised nothing in the agreement, nor did he receive any new consideration in exchange for his promise not to divulge confidential information. The employment agreement, Brown argues, is not enforceable because the consideration

-3-

received by him was past consideration.

Nelson Mauthe, vice-president of operations at Semi-Tech, testified that Mr. Brown was never paid a commission prior to July 1977. Semi-Tech contends Brown was given the company's confidential information after he signed the employment agreement. Further they argue, Brown would not have received the confidential information if he had not signed the agreement. Semi-Tech argues that the covenant not to compete was supported by adequate consideration; (1) the sum of $1.00, (2) the promise to provide Brown with its confidential business information, and (3) if the agreement did not promise to provide confidential information, it did in fact provide such information, and performance is adequate consideration to support a unilateral contract. Under any of these approaches Semi-Tech contends, the agreement at issue is an enforceable contract.

## THE STANDARD OF REVIEW

Appellate review of the grant or denial of a temporary injunction is strictly limited to determining whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *Recon Exploration, Inc. v. Hodges*, 798 S.W.2d 848, 851 (Tex. App.--Dallas 1990, no writ). The appellate court may not substitute its judgment for that of the trial court. *Recon*, 798 S.W.2d at 851. An abuse of discretion does not exist where the trial court bases its decision on conflicting evidence. *Zmotony v. Phillips*, 529 S.W.2d 760, 762 (Tex. 1975).

## DISCUSSION

### *Injunctive Relief*

In point of error one, Semi-Tech contends the trial court abused its discretion in denying a temporary injunction because the undisputed evidence demonstrated the employment agreement at issue should be enforced.

In order to establish the right to a temporary injunction, the applicant must show: (1) a probable and irreparable injury; and (2) a probable right to recover after a final hearing on the merits. *Recon*, 798 S.W.2d at 851; *Seaborg Jackson Partners v. Beverly Hills Sav.*, 753 S.W.2d 242, 244 (Tex. App.--Dallas 1988, no writ).

If an applicant relies on a statute that defines the requirements for injunction, then the express statutory language supersedes common law requirements. *Hilb, Rogal & Hamilton Co. v. Wurzman*, 861 S.W.2d 30, 33 (Tex. App.--Dallas 1993, no writ). Section 15.50 of the Texas Business and Commerce Code provides the criteria for enforceability of covenants not to compete. *See* TEX. BUS. & COM. CODE ANN. § 15.50 (Vernon Supp. 1995). If the promisor breaches a covenant not to compete, section 15.51 of the Texas Business & Commerce Code provides that a court may award the promisee damages, injunctive relief, or both. *See* TEX. BUS. & COM. CODE ANN. § 15.51 (Vernon Supp. 1995). Section 15.52 of the Code makes clear that the Legislature intended the Covenants Not to Compete Act to largely supplant the Texas Common Law relating to enforcement of covenants not to compete. *See* TEX. BUS. & COM. CODE ANN. § 15.52 (Vernon Supp. 1995); *Light v. Centel*

*Cellular Co.*, 883 S.W.2d 642, 644 (Tex. 1994). Because this case involves a covenant not to compete, section 15.50 furnishes the sole criteria to determine a probable right to recover after a final hearing on the merits. *See Recon*, 798 S.W.2d at 852.

Semi-Tech contends it established the section 15.50 requirements for enforcing the agreement. However, the evidence presented at the hearing on the temporary injunction conflicts about whether adequate consideration existed to support the employment agreement. Brown and Semi-Tech disagree about whether Brown was given confidential information as consideration for his execution of the agreement. Brown maintains that when he signed the agreement he was already privy to the confidential information of Semi-Tech to the extent that it existed; thereafter, he only continued receiving confidential information as it came into existence. Semi-Tech maintains he was given confidential information only because he signed the agreement not to disclose it.

They also disagree as to whether Brown's receipt of commissions was consideration for the employment agreement. Brown maintains he received his new compensation arrangement and it became effective May 5, 1977, prior to signing the employment agreement in July. Semi-Tech argues Brown did not receive any commissions until after the agreement was signed. The trial court had before it conflicting evidence about whether the agreement was supported by consideration.

The record reasonably supports the trial court's conclusion that Semi-Tech did not show that upon trial of the merits it would probably prevail on the question of consideration.

Abuse of discretion does not exist if the trial court bases its decision on conflicting evidence and the evidence reasonably supports its conclusion. *Executive Tele-Communication Sys. Inc. v. Buchbaum*, 669 S.W.2d 400, 403 (Tex. App.--Dallas 1984, no writ). The trial court did not abuse its discretion by failing to grant Semi-Tech temporary relief. Point of error one is overruled.

### Findings of Fact and Conclusions of Law

In points of error two through seven, Semi-Tech contends the trial court erred by making certain findings of fact and conclusions of law. The trial court, Semi-Tech contends, abused its discretion by: (1) concluding that no consideration supported the employment agreement; (2) finding that Brown was privy to all of Semi-Tech's confidential information at the time he signed the agreement; (3) finding that information concerning Semi-Tech's product development could not be helpful to its competitor; (4) finding that Brown had not solicited a sale of Semi-Tech's customers on behalf of its competitor; (5) finding there was no evidence presented to support the geographic, time, and other restrictions in the covenant; and (6) finding that enforcement of the covenant not to compete would cause Brown more harm than Semi-Tech and that Semi-Tech would not be irreparably harmed by the failure to enforce the covenant.

The only issue before the trial court in a temporary injunction hearing is whether the trial court should issue an injunction to preserve the status quo of the suit pending trial on the merits. *Davis*, 571 S.W.2d at 862; *Hilb, Rogal & Hamilton*, 861 S.W.2d at 35. An

applicant may not use the ruling on a temporary injunction to get an advanced ruling on the merits. The limited issue on appeal is whether the trial court abused its discretion in granting or denying the temporary injunction. *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex. 1981); *Hilb, Rogal & Hamilton*, 861 S.W.2d at 35. Any resolution of issues on their merits must await appeal from a final judgment in the underlying suit. *Hiss v. Great N. Am. Cos.*, 871 S.W.2d 218, 220 (Tex. App.--Dallas 1993, no writ). For this Court to review for error the findings and conclusions found in points of error two through seven would accomplish the ultimate objective of the suit. For this, appellant must await a final judgment.

Further, under an abuse of discretion review, we reverse the trial court only if the trial court has acted in an unreasonable or arbitrary manner. *J.R.W. v. State*, 879 S.W.2d 254, 257 (Tex. App.--Dallas 1994, no writ). To determine if there is an abuse of discretion, we review the entire record to determine if the trial court acted without reference to any guiding rules and principles. *See Morrow v. H.E.B., Inc.* 714 S.W. 2d 297, 298 (Tex. 1986); *J.R.W.*, 879 S.W.2d at 257. Under a discretionary statute, findings of fact and conclusions of law are neither appropriate nor required. *J.R.W.*, 879 S.W.2d at 257. Under an abuse of discretion review, we do not review factual issues decided by the trial court under legal or factual-sufficiency standards, we review the entire record to determine if the trial court acted arbitrarily and unreasonably. *J.R.W.*, 879 S.W.2d at 257.

Points of error two through seven are overruled.

*Merits of the Controversy*

In point of error eight, Semi-Tech contends that the trial court erred by denying temporary relief on the ground that such relief would dispose of the whole case. We understand appellant to complain that the trial court misunderstood the law.

A hearing on an application for temporary injunction does not serve the same purpose as a trial on the merits. It is error to grant a temporary injunction that accomplishes the ultimate objective of the suit. *Texas Foundries, Inc. v. International Moulders & Foundry Worker's Union*, 151 Tex. 239, 248 S.W.2d 460, 464 (1952); *Global Nat'l Resources v. Bear, Stearns & Co.*, 642 S.W.2d 852, 855 (Tex. App.--Dallas 1982, no writ). The trial court's correctly stated the law. This not the trial court's function during a temporary injunction hearing. *Texas Foundries*, 248 S.W.2d at 464; *Global Nat'l Resources*, 642 S.W.2d at 855. Point of error eight is overruled.

*Parol Evidence*

In its ninth point of error, Semi-Tech contends the trial court erred in admitting parol evidence of other employees' employment agreements. The entire argument on this point of error is found in six lines in a footnote on page forty-seven of appellant's brief. Semi-Tech does not construct for this Court an argument that the asserted error was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case.

*See* TEX. R. APP. P. 81(b)(1); *Texaco, Inc. v. Pennzoil, Inc.* 729 S.W.2d 768, 837 (Tex. App.--Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dismissed*, 485 U.S. 994 (1988) (reversible error does not usually occur in connection with rulings on questions on evidence unless the complaining party can demonstrate that the whole case turns on the particular evidence admitted or excluded). Points of error not properly briefed are waived. *See Naydan v. Naydan*, 800 S.W.2d 637, 642 (Tex. App.--Dallas 1990, no writ). *See also Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex. 1989); *Service Lloyds Ins. Co. v. Martin*, 855 S.W.2d 816, 822 (Tex. App.--Dallas 1993, no writ). Semi-Tech, by not addressing the question of the consequences of the asserted trial court error waived his point of error. *Naydan*, 800 S.W.2d at 642. Point of error nine is overruled.

Accordingly, we affirm the trial court's order denying the temporary injunction.


CHUCK MILLER
JUSTICE

Do Not Publish
TEX. R. APP. P. 90
941508F.U05

-10-