

# NUMBER 13-12-00125-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE STEWART PIERCE, VIVIAN FINCH, GENE VOORHIES, DONALD EUDALY, MARGARET FABIAN, AND COTTONWOOD CREEK PROPERTY OWNERS, INC.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Garza and Vela
## Memorandum Opinion by Chief Justice Valdez[1]

Relators, Stewart Pierce, Vivian Finch, Gene Voorhies, Donald Eudaly, Margaret Fabian, and Cottonwood Creek Property Owners, Inc., filed a petition for writ of mandamus on February 16, 2012, and an amended petition for writ of mandamus on February 28, 2012. Relators contend that the trial court erred in entering an interlocutory order that grants relief on the merits to the opposing party without an appropriate evidentiary hearing and that directs the conduct of the parties. The Court

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

requested and received a response to the petition for writ of mandamus from one of the real parties in interest, CRB Partners, L.L.C. ("CRB"), and further received a reply brief from relators. We conditionally grant the petition for writ of mandamus as stated herein.

## I. BACKGROUND

The dispute in this case centers on various disagreements pertaining to the control and management of common areas and a golf course in an active adult retirement community called Cottonwood Creek XXI. The community is comprised of two subdivisions, Cottonwood Creek Number 1 ("Number 1") and the Fairways at Cottonwood Creek (the "Fairways"). The Number 1 subdivision was established in January 1984, by a developer known as California Investments, Inc., and the Fairways subdivision was established in April 1998. CRB purchased both sections in 2006, and began to manage the common areas in the community. The Number 1 subdivision is governed by documents entitled "Amended Declaration of Covenants, Conditions and Restrictions of Cottonwood Creek No. 1 Subdivision" (the "Number 1 declarations"), and the Fairways subdivision is governed by documents entitled "Declaration of Covenants, Conditions and Restrictions for the Fairways at Cottonwood Creek Subdivision" (the "Fairways declarations").

Shortly after CRB purchased the property, numerous disputes with relators arose regarding the management and operation of the common areas and the Cottonwood Creek Country Club, and CRB's role as it pertained to the property owners association. CRB brought suit against Pierce, Finch, Voorhies, Eudaly and Fabian for tortious interference with the declarations and covenants governing the property and requested a temporary restraining order and temporary and permanent injunctions. According to the petition, a group of residents, including relators, had formed a property owners

2

association and were collecting fees owed to CRB. The residents' property owners association, Cottonwood Creek Property Owners, Inc., intervened in the lawsuit seeking declaratory relief. Issues raised in the lawsuit included which set of declarations governed the common areas and which property owners association had the right to manage the property and collect fees.

The trial court granted the temporary restraining order and a temporary injunction. Upon review, this Court dissolved the temporary injunction and remanded the matter for further proceedings. *Pierce v. CRB Partners, LLC*, No. 13-09-00411-CV, 2010 Tex. App. LEXIS 2352, at *1 (Tex. App.—Corpus Christi Apr. 1, 2010, pet. dism'd w.o.j.) (mem. op.). Upon remand, the trial court appointed a special master to "hear, report and recommend to this court on all pre-trial issues, including but not limited to receiving and reporting evidence and fixing the time and place for beginning and closing hearings in this case."

The instant dispute arises from an order issued by the trial court on April 27, 2011, which was later suspended due to bankruptcy, and then was reinstated by order issued on December 14, 2011. The April 27, 2011 order incorporates recommendations from the special master and orders, inter alia, that a board election take place pursuant to the Fairways declarations as soon as possible, that the special master be in charge of supervising the election process, that both "Cottonwood Creek Property Owners, Inc." and "Cottonwood Creek Property Owners Association, Inc." are legitimate entities, that CRB shall have three votes in the election for each undeveloped lot that it owns, and that following the election, the board will recognize only one of the existing property owners association.

3

This original proceeding ensued. Relators contend that the trial court abused its discretion in granting the orders because they "grant relief of a form not authorized procedurally under Texas law or under the Texas Rules of Civil Procedure" and because "the relief granted by the orders is contrary to the terms of the governing declarations and of the Texas Property Code."

## II. STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *See In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

## III. ANALYSIS

As an initial matter, we examine the order entered to determine whether or not it is subject to review by mandamus. The order subject to review in this original proceeding was neither entered as the result of a dispositive motion nor after a trial, but was instead entered subsequent to pretrial hearings and the resultant recommendations from the special master. The order is interlocutory in nature.

4

An appellate court lacks jurisdiction to review an interlocutory order unless a statute specifically authorizes such an appeal. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000). Section 51.014(a)(4) of the civil practice and remedies code provides that a party may appeal from an interlocutory order of the trial court that "grants or refuses a temporary injunction." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2011). A temporary injunction operates until it is dissolved by an interlocutory order or until the final hearing. *In re Tex. Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex. 2002) (orig. proceeding). The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). The procedural requirements for temporary injunctions, including the requirement that the order set the cause for trial on the merits and set an amount of security to be posted by the applicant, are mandatory, and orders that do not meet these requirements are subject to being declared void and dissolved. *See Qwest Commc'ns Corp.*, 24 S.W.3d at 336.

In contrast, temporary restraining orders are not subject to appeal and may generally be reviewed by mandamus. *In re Office of the Attorney Gen.*, 257 S.W.3d 695, 698 (Tex. 2008) (orig. proceeding); *In re Newton*, 146 S.W.3d 648, 652–53 (Tex. 2004) (orig. proceeding); *In re Tex. Natural Res. Conservation Comm'n*, 85 S.W.3d at 205; *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992). The purpose of a temporary restraining order is to preserve the status quo, which the supreme court has defined as "the last, actual, peaceable, non-contested status which preceded the pending controversy." *In re Newton*, 146 S.W.3d at 651. A temporary restraining order restrains a party from acting only during the pendency of a motion for

5

temporary injunction, i.e., until a full evidentiary hearing on the motion occurs. *Del Valle Indep. Sch. Dist.*, 845 S.W.2d at 809; *In re Spiritas Ranch Enters., L.L.P.*, 218 S.W.3d 887, 895 (Tex. App.—Fort Worth 2007, orig. proceeding); *see* TEX. R. CIV. P. 680. A temporary restraining order may not be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon. TEX. R. CIV. P. 680. Further, unless extended for good cause or by consent, a temporary restraining order expires by its own terms not more than fourteen days after it is signed. *See* TEX. R. CIV. P. 680. A temporary restraining order must also state the day and time set for a hearing, which shall be not more than fourteen days from the date of the court's order granting the temporary restraining order. *See* TEX. R. CIV. P. 687(e).

Whether an order is a non-appealable temporary restraining order or an appealable temporary injunction depends on the order's characteristics and function, not its title. *In re Tex. Natural Res. Conservation Comm'n*, 85 S.W.3d at 205; *Qwest Commc'ns Corp.*, 24 S.W.3d at 336; *Del Valle Indep. Sch. Dist.*, 845 S.W.2d at 809. A temporary restraining order is one entered as part of a motion for a temporary injunction, by which a party is restrained pending the hearing of the motion; whereas a temporary injunction is one which operates until dissolved by an interlocutory order or until the final hearing. *Del Valle Indep. Sch. Dist.*, 845 S.W.2d at 809; *Brines v. McIlhaney*, 596 S.W.2d 519, 523 (Tex. 1980). An order that directs the conduct of a party, but does not contemplate imminent disposition of a request for a temporary or permanent injunction, cannot be categorized as a non-appealable temporary restraining order. *Del Valle Indep. Sch. Dist.*, 845 S.W.2d at 809; *see Global Natural Res. v. Bear,*

6

*Stearns & Co.*, 642 S.W.2d 852, 854 (Tex. App.—Dallas 1982, no writ) ("The temporary restraining order [is] tantamount to a temporary injunction because the effect of it on the parties went beyond protecting the status quo for a ten-day period."); *Plant Process Equip., Inc. v. Harris*, 579 S.W.2d 53, 54 (Tex. Civ. App.—Houston [14th Dist.] 1979, no writ) ("The controlling factor is . . . whether the relief granted does more than preserve the status quo during the ten[-]day span of a temporary restraining order."); *see also Cascos v. Cameron County Atty. (In re Cascos)*, 319 S.W.3d 205, 218–19 (Tex. App.—Corpus Christi 2010, no pet.) (combined appeal & orig. proceeding). An order that does more than protect the status quo for the allowable period under Rule 680 is functionally an appealable temporary injunction. *See, e.g., Global Natural Res.*, 642 S.W.2d at 854; *Plant Process Equip., Inc.*, 579 S.W.2d at 54.

In this case, the order issued by the trial court irrevocably changed the status quo between the parties and granted partial relief sought on the merits. The order did not maintain the status quo, but determined which declarations governed the property, resolved the status of the property owners associations, and directed the conduct of the parties regarding the election. Thus, we conclude that the order was tantamount to a temporary injunction, although it failed to comply with the mandatory substantive and procedural law applicable to temporary injunctions. *See* TEX. R. CIV. P. 683; *Qwest Commc'ns Corp.*, 24 S.W.3d at 337; *State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971); *City of Corpus Christi v. Friends of the Coliseum*, 311 S.W.3d 706, 708 (Tex. App.—Corpus Christi 2010, no pet.). If a temporary injunction order fails to comply with the mandatory requirements of rule of civil procedure 683, it is void. *Qwest Commc'ns Corp.*, 24 S.W.3d at 337; *El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740,

748 (Tex. App.—Dallas 2011, no pet.). Accordingly, we conclude that the trial court abused its discretion in issuing the order subject to review.

We next turn our attention to whether or not relators have an adequate remedy by appeal. As stated previously, a party may ordinarily appeal from an interlocutory order of the trial court that "grants or refuses a temporary injunction." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4). We conclude that we should not deny relief on grounds that an adequate remedy by appeal exists where the order at issue, while tantamount to a temporary injunction, lacked any of the identifying indicia of a temporary injunction and was not entered with the procedural requirements applicable to temporary injunctions. In this regard, we note that relators contended that the order purported to "grant relief of a form not authorized procedurally under Texas law or under the Texas Rules of Civil Procedure."

We further note that temporary injunctions which do not comply with 683 are void, and when the trial court's order is void, mandamus relief is available regardless of whether there is an adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re Mask*, 198 S.W.3d 231, 233–34 (Tex. App.—San Antonio 2006, orig. proceeding). Finally, in determining whether an appellate remedy is adequate so as to preclude mandamus review, we ask whether "any benefits to mandamus review are outweighed by the detriments," and our evaluation depends heavily on the circumstances presented. *In re Prudential Ins. Co. of Am.*, 148 S.W.2d at 136–37; *see In re Francis*, 186 S.W.3d 534, 538 (Tex. 2006) (stating that a writ of mandamus may be appropriate for reviewing a temporary injunction). *Cf. In re McKee*, 248 S.W.3d 164, 165 (Tex. 2007) (orig. proceeding) (analyzing whether benefits to mandamus review were outweighed by the detriments in

8

a recusal case where there was an appellate remedy). An appeal is inadequate for mandamus purposes when parties are in danger of permanently losing substantial rights or the party's ability to present a viable claim or defense is vitiated. *See In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 843–44 (Tex. 1992) (orig. proceeding). Here, there are significant benefits to mandamus relief insofar as claims raised by the parties below, such as the status of the property owners associations and which of the declarations governs the properties at issue, will be rendered moot absent review by mandamus.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relators have met their burden to obtain mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. Accordingly, the petition for writ of mandamus is CONDITIONALLY GRANTED. We direct the trial court to vacate its orders of April 27, 2011, and its December 14, 2011 order reinstating that order. The writ will issue only if the trial court fails to comply. *See* TEX. R. APP. P. 52.8(a).

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
10th day of August, 2012.