PLANT PROCESS EQUIPMENT,
INC., Appellant,

v.

Honorable Ed J. HARRIS et
al., Appellees.

No. B2077.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 14, 1979.

Rehearing Denied April 4, 1979.

Larry G. Patton, Donald H. Fidler, Houston, for appellant.

Michael J. Wood, Crain, Caton, James & Oberwetter, Houston, George Martin, Martin, Carmona, Cruse, Micks & Dunten, Galveston, for appellees.

Before BROWN, C. J., and COULSON and CIRE, JJ.

J. CURTISS BROWN, Chief Justice.

Appeal is from a "temporary restraining order" on the contention that in effect the order constitutes an appealable temporary injunction.

Plant Process Equipment, Inc., appellant, contracted to manufacture and assemble certain equipment for K. B. Kennedy Engineering Co., Inc., appellee. Appellee made periodic payments on the equipment up to November 1978, at which time payments were stopped. Appellant completed construction of the equipment and was in possession of the property pending resolution of disputes as to final amounts due on the equipment. Appellee, in danger of breaching a contract with a third party, and yet not desiring to pay the amount claimed by appellant to be due, brought an action seeking a temporary restraining order, a temporary injunction, and a permanent injunction to preclude appellant from interfering with appellee's peaceable possession of the equipment. Appellee further sought for the injunctions to protect the peaceable possession of the third party, even though the third party was not involved in the action. The trial court, declining to issue even the temporary restraining order without notice, provided for notice to appellant and held a hearing on the day after appellant was notified. After the hearing the trial court granted the "temporary restraining order" and set a date for hearing on the temporary injunction.

The first issue for determination is whether the order sought to be appealed from is an appealable order. Our inquiry, of necessity, begins with article 4662, Tex. Rev.Civ.Stat.Ann. (1952). That article provides:

> Any party to a civil suit wherein a temporary injunction may be granted or refused or when motion to dissolve has been granted or over-ruled, under any provision of this title, in term time or a vacation, may appeal from such order or judgment to the Court of Civil Appeals.

On its face, the statute appears to limit appeals to temporary injunctions and, by implication, to preclude appeals from temporary restraining orders. However, where the force and effect of a temporary restraining order is indistinguishable from that of a temporary injunction, the order is appealable. *Ellis v. Vanderslice*, 486 S.W.2d 155, 159 (Tex.Civ.App.—Dallas 1972, no writ). The controlling factor is not whether the trial court granted notice of the hearing as required before issuance of a temporary injunction, but whether the relief granted does more than preserve the status quo during the ten day span of a temporary restraining order. *Ellis, supra. See, Jackson v. Lubben*, 502 S.W.2d 860 (Tex.Civ.App.—Dallas 1973, no writ). In the case at bar, the order enjoins appellant from interfering with the possession of the

equipment by appellee and the third party. The effect of that order is to alter the status quo existing before the suit was filed. Before that time, appellant and appellees were negotiating over the amounts still owed for the equipment, but the equipment was being held by appellant pending the outcome. The order deprived appellant of that possession and allowed appellee to transport the equipment out of the state and deliver it into the possession of a third entity not a party to the suit. As in *Ellis*, "[t]hese circumstances show that the effect of the trial court's order will probably be felt beyond the dates set for hearing of the application for temporary injunction." *Ellis, supra,* at 159. Consequently, the orders in question constitute a temporary injunction appealable under article 4662.

 Turning now to the merits of the appeal, we note initially that review of an interlocutory order granting or denying a temporary injunction is restricted to the question whether the trial court abused its discretion. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.Sup.1978). Further, the purpose of a temporary injunction is limited to preserving the status quo pending the outcome of the principal litigation. *Id.; Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517, 519 (1961). It is an abuse of discretion for a trial court to ignore the undisputed facts and to enter a temporary injunction disturbing the status quo because a "court is without authority to divest a party of property rights without a trial." *Perry v. Stringfellow,* 134 Tex. 328, 134 S.W.2d 1031, 1032 (1940). *See also, MGJ Corporation v. City of Houston,* 544 S.W.2d 171 (Tex.Civ. App.—Houston [1st Dist.] 1976, writ ref'd n. r. e.).

Here, the undisputed facts were that appellant manufactured the equipment and was in possession pending final payment by appellee. It is further undisputed that the appellee owed at least $110,124.13 on the equipment. The status quo to be preserved was for the appellant to retain possession until the dispute was resolved. Therefore, based on the undisputed facts, it was a clear abuse of discretion for the trial court to deprive appellant of its property rights, vest those rights in appellee, and then to protect those rights in an entity not a party to the suit.

In addition, the temporary injunction granted in this case accomplishes all the relief sought in the principal litigation. It is not proper in a temporary injunction hearing to determine prematurely the ultimate rights to possession of property or to divest a party of possession of property obtained without trespass. *Stringfellow, supra.*

Having found the trial court's action in granting the temporary injunction in this case to have been an abuse of discretion, we reverse the trial court and render judgment for the appellant. The temporary injunction is dissolved. Since appellant has received all the relief sought, we find it unnecessary to consider the petition for writ of mandamus and therefore it is dismissed.