## DEL VALLE INDEPENDENT SCHOOL DISTRICT, et al., Petitioners,

v.

### Enrique G. LOPEZ, Jr., et al., Respondents.

No. D–2367.

Supreme Court of Texas.

Dec. 9, 1992.

John T. Fleming, Austin, for petitioners.

Judith Bagley, Austin, Judith Sanders-Castro, Jose Garza, San Antonio, James C. Harrington, and Maria–Elena Cigarrora, Austin, for respondents.

ON APPLICATION FOR WRIT OF ERROR TO THE COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS

## OPINION

DOGGETT, Justice.

In this proceeding, we determine that the dismissal of an interlocutory appeal for want of jurisdiction was erroneous.

---

Through a class action filed in December 1989, Enrique Lopez, Felix Rosales, and Maurice Walker sought a declaration that the at-large system of electing board members for the Del Valle Independent School District violated the Texas Constitution by diluting minority voting strength, an injunction against further use of this system, and implementation of a constitutionally-permissible election plan. The District thereafter revised its system to provide for the selection of five members from single-member districts and two at-large. The Plaintiffs amended their petition to challenge this new plan and urged that all seven positions be selected from single member districts.

After severing the claims against the 5–2 plan from those against the at-large plan, the trial court entered an "Order Adopting and Implementing Interim Election Plan", which required the holding of an election on May 2, 1992 with six members selected from single-member districts and one at-large. All parties objected to this order, and the District appealed.

While review was pending, the election was held under the court-mandated plan.[1] Shortly thereafter, the court of appeals dismissed the appeal for want of jurisdiction based on its finding that the trial court's order was not a temporary injunction permitting review. 845 S.W.2d 916.

 This Court has jurisdiction to determine whether the court of appeals had jurisdiction over the appeal. *See Long v. Humble Oil & Ref. Co.*, 380 S.W.2d 554, 555 (Tex.1964). Though appellate review is generally limited to final judgments, a court of appeals may consider an interlocutory order that grants a temporary injunction. *See* Tex.Civ.Prac. & Rem.Code §§ 51.012, 51.014(4). Thus, whether jurisdiction was conferred on the court of ap-

peals depends on whether the trial court's order can properly be characterized as a temporary injunction.

 Although recognizing that the trial court provided mandatory, temporary relief by implementing an interim election plan pending the final resolution of the case, the court of appeals nevertheless held that the order did not grant "injunctive" relief. The only articulated basis for distinguishing the order from an injunction was the trial court's failure to issue a writ of injunction in accordance with Tex.Civ.Prac. & Rem.Code § 65.022. We reject the notion that such matters of form control the nature of the order itself—it is the character and function of an order that determine its classification. *See Brines v. McIlhaney*, 596 S.W.2d 519, 524 (Tex.1980); *Conway v. Irick*, 429 S.W.2d 648, 649 (Tex.Civ.App.—Fort Worth 1968, writ ref'd); *see also Gensco, Inc. v. Thomas*, 609 S.W.2d 650, 651 (Tex.Civ.App.—San Antonio 1980, no writ) ("The true character of an injunction is to be determined by its characteristics and functions."). In *Brines,* we concluded that:

> A temporary restraining order is one entered as part of a motion for a temporary injunction, by which a party is restrained pending the hearing of the motion. A temporary injunction is one which operates until dissolved by an interlocutory order or until the final hearing.

596 S.W.2d at 523 (citations omitted). An order such as that at issue here, which directs the conduct of a party but does not contemplate imminent disposition of a request for a temporary or permanent injunction, cannot be categorized as a non-appealable temporary restraining order. *See* Tex. R.Civ.P. 680.[2] To reject the order's status as a temporary injunction based on a deficiency in form is to deny review of any

---

1. We previously considered and denied the District's request for a stay of this election pending a determination of the appeal. *Del Valle Indep. Sch. Dist. v. Dibrell*, 830 S.W.2d 87 (Tex.1992) (Cornyn, J., and Hecht, J., dissenting from denial of request for temporary relief to stay or suspend court-ordered election).

2. *See also Plant Process Equip., Inc. v. Harris*, 579 S.W.2d 53, 54 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ) ("The controlling factor is

... whether the relief granted does more than preserve the status quo during the ten day span of a temporary restraining order."); *Global Natural Resources v. Bear, Stearns & Co.*, 642 S.W.2d 852, 854 (Tex.App.—Dallas 1982, no writ) ("[T]he temporary restraining order [is] tantamount to a temporary injunction because the effect of it on the parties went beyond protecting the *status quo* for a ten-day period.").

defects that may render the order void. Because the order constitutes a temporary injunction, and not a temporary restraining order, the District was entitled to seek review in the court of appeals pursuant to Tex.Civ.Prac & Rem.Code § 51.014(4).

We make this determination despite the claim that this appeal has been rendered moot by both the completion of the election ordered by the trial court and the Justice Department's denial of preclearance under the Voting Rights Act. *See Clark v. Roemer,* — U.S. —, 111 S.Ct. 2096, 114 L.Ed.2d 691 (1991). While, as the trial court anticipated when it ordered the parties to obtain preclearance review, the action by the Justice Department will undoubtedly impact the ultimate resolution of this case, we believe that the arguments regarding the effect of that ruling are best presented to the courts below. At this time, the order has not been dissolved or superseded by final judgment,[3] and by its terms, it has a continuing effect on the Del Valle Independent School District. Under these circumstances, we are unwilling to consider the appeal of this order moot.

Accordingly, we reverse the judgment of the court of appeals and remand this cause to it for consideration of the merits of the District's appeal.

---

**3.** The trial court retains jurisdiction over the underlying cause of action during the pendency of the appeal of the temporary injunction. *See*

*General Land Office v. OXY U.S.A., Inc.,* 789 S.W.2d 569, 571 (Tex.1990).