**In re TEXAS NATURAL RESOURCE CONSERVATION COMMISSION, Relator.**

No. 02–0450.

Supreme Court of Texas.

Aug. 30, 2002.

John Cornyn, Attorney General, Howard G. Baldwin, First Assistant Attorney General, Jeffrey S. Boyd, Karen Watson Kornell, Cynthia Woelk, George Thomas Bohl, Brian E. Berwick, Office of the Attorney General of Texas, Austin, for Relator.

Richard W. Lowerre, Lowerre & Kelly, R. Lambeth Townsend, Lloyd, Gosselink, Fowler, Blevins & Mathews, Kassandra G. McLaughlin, Martin C. Rochelle, Austin, Beth Ann Blackwood, Koledey, Thomas & Blackwood, Tom M. Thomas, Thomas, Sheehan & Culp, LLP, Dallas, for Respondent.

Justice JEFFERSON delivered the opinion of the Court, in which Chief Justice PHILLIPS, Justice HECHT, Justice ENOCH, Justice OWEN, and Justice RODRIGUEZ joined.

The issue in this original mandamus proceeding is whether a district court may extend a temporary restraining order by forty-two days without the restrained party's consent. Because the district court abused its discretion and the relator does not have an adequate remedy by appeal, we conditionally granted the writ on June 13, 2002.

The City of Marshall, Texas, applied to the Texas Natural Resources Conservation Commission to amend the city's certificate of adjudication. The certificate previously allowed the city to divert 16,000 acre-feet of water per year from Cypress Creek basin of Lake Caddo for municipal purposes. The city sought an amendment that would allow it to provide water for industrial purposes.

The TNRCC's executive director granted the City of Marshall's application on March 25, 2002. Under the Commission's rules, permits and other approvals are generally effective when the executive director signs them. 30 TEX. ADMIN. CODE § 50.135. On April 4, 2002, the City of Uncertain, Texas, the Caddo Lake Area Chamber of Commerce and Tourism, the Greater Caddo Lake Association, the Caddo Lake Institute, John T. Echols, and Barry L. Bennick and others moved the TNRCC to overturn the executive director's decision, seeking a contested case hearing before the three TNRCC Commissioners.

While their motion was pending with the TNRCC, the City of Uncertain and the other movants filed the underlying suit in district court on April 15, 2002, seeking a temporary restraining order, a temporary injunction, and permanent relief. The plaintiffs telephonically notified the TNRCC that the trial court had scheduled a hearing on the temporary restraining order. The TNRCC attended the hearing and opposed the plaintiffs' requests. On April 17, 2002, the district court issued an order barring the TNRCC from giving immediate effect to the City of Marshall's amendment until the TNRCC had an opportunity to rule on the plaintiffs' motion to overturn the executive director's decision. The district court's order stated that, by agreement of the parties, the restraining order would expire on May 13, 2002. The order did not require a bond and set the hearing on the plaintiffs' application for a temporary injunction for May 14, 2002.

On May 8, 2002, the TNRCC extended its time to act on the motion to reconsider the City of Marshall's amendment to June 14, 2002, and the Commissioners scheduled it for their agenda that day. See 30 TEX. ADMIN. CODE § 50.139(e), (f)(1)(stating that motion is overruled 45 days after notice of executive director's decision but may be extended up to 90 days). On May 10, 2002, the plaintiffs moved the district court to extend the time period of the temporary restraining order. The district court conducted a hearing that day. The TNRCC argued that the district court should not extend the temporary restraining order for any additional period, and in no event for more than fourteen days. The district court extended the effective period of the temporary restraining order to June 25,

2002 and also reset the temporary injunction hearing for June 25.

■ The TNRCC contends that the district court abused its discretion by granting the extension over the TNRCC's objection, thereby contravening Texas Rules of Civil Procedure 680 and 687. Rule 680 provides in part that:

> Every temporary restraining order granted without notice . . . shall expire by its terms within such time after signing, not to exceed fourteen days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record. No more than one extension may be granted unless subsequent extensions are unopposed.

Tex.R. Civ. P. 680. The real parties note that the rule's first, second, and fifth sentences refer to temporary restraining orders "granted without notice." [1] They argue that Rule 680's express limitation on extensions of time does not apply here because the TNRCC had notice of the district court's initial temporary restraining order hearing and its hearing on the extension motion. The real parties contend that temporary restraining order requirements are found in the final sentence of Rule 680 and in Rules 682 and 683, none of which restrict a trial court's discretion to extend its temporary restraining order.

The TNRCC argues that when a temporary restraining order is granted, regardless of notice, Rule 680 permits only a single extension of fourteen days absent consent. The TNRCC contends that Rule 680 attempts to distinguish temporary restraining orders from temporary injunctions, not temporary restraining orders with notice from those without. The TNRCC further contends that if the real parties' interpretation is correct, then many of Rule 680's requirements do not

---

1. *Rule 680. Temporary Restraining Order*

No temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon. Every temporary restraining order granted without notice shall be endorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after signing, not to exceed fourteen days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record. No more than one extension may be granted unless subsequent extensions are unopposed. In case a temporary restraining order is granted without notice, the application for a temporary injunction shall be set down for hearing at the earliest possible date and takes precedence of all matters except older matters of the same character; and when the application comes on for hearing the party who obtained the temporary restraining order shall proceed with the application for a temporary injunction and, if he does not do so, the court shall dissolve the temporary restraining order. On two days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.

Every restraining order shall include an order setting a certain date for hearing on the temporary or permanent injunction sought.

apply to temporary restraining orders granted with notice.

We agree that all temporary restraining orders are subject to Rule 680's limitations on duration. We have held that "[e]xtensions of temporary restraining orders, absent some special statutory authority . . ., must meet the limitations of TEX. R. CIV. P. 680. . . ." *Ex parte Lesikar*, 899 S.W.2d 654, 654 (Tex.1995) (holding that such extensions must be in writing). Rule 687(e) requires all temporary restraining orders to "state the day and time set for hearing, which shall not exceed fourteen days from the date of the court's order granting such temporary restraining order." TEX.R.APP. P. 687(e). By its plain terms, Rule 687(e) limits any temporary restraining order to fourteen days. Rule 680 provides the only method for extending a temporary restraining order beyond fourteen days.

Rule 680 was originally taken almost verbatim from Rule 65(b) of the Federal Rules of Civil Procedure. The federal rule has retained the ten-day limit on temporary restraining orders that the Texas rule has extended to fourteen days. The fourth sentence of the Texas rule, prohibiting more than one opposed extension, was added in 1984 and is not found in the federal rule. Even without that sentence, the federal courts have construed their rule as we do ours. As a leading commentary summarizes:

> The text of Rule 65(b) seems to exclude any possibility that a temporary restraining order can remain in force beyond twenty days. Not surprisingly, therefore, some courts have had no difficulty finding that twenty days-the ten days that the original order may stay in effect plus an extension for a like period for good cause shown-is the longest that a temporary restraining order can be operative. Indeed, it has been held that this limitation applies even when the order is not issued ex parte and both notice and a hearing are held.

11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2953, at 279-80 (1995) (footnotes omitted).

■ Moreover, if a party can obtain unlimited extensions of a temporary restraining order, there would be no reason to ever seek a temporary injunction, which has more stringent proof requirements. *See Millwrights Local Union No. 2484 v. Rust Eng'g Co.*, 433 S.W.2d 683, 685-87 (Tex.1968) (holding that temporary restraining order may issue on sworn petition while temporary injunction requires evidence). As our Court has explained:

> An applicant for a temporary injunction seeks extraordinary equitable relief. He seeks to immobilize the defendant from a course of conduct which it may well be his legal right to pursue. Crowded dockets, infrequent jury trial weeks, or trial tactics can often delay a trial of a case on its merits for many months. The applicant has, and in equity and good conscience ought to have, the burden of offering some evidence which, under applicable rules of law, establishes a probable right of recovery. If not, no purpose is served by the provisions of Rule 680, Texas Rules of Civil Procedure, limiting the time for which a restraining order granted without a hearing can operate and requiring a hearing before a temporary injunction can issue.

*Camp v. Shannon*, 162 Tex. 515, 348 S.W.2d 517, 519 (1961). Here, although the TNRCC had notice, the temporary restraining order issued on sworn pleadings and the trial court has not conducted an evidentiary hearing. We hold that Rule 680 governs an extension of a temporary restraining order, whether issued with or without notice, and permits but one exten-

sion for no longer than fourteen days unless the restrained party agrees to a longer extension. Therefore, the district court abused its discretion by granting an extension for more than fourteen days.

■ The TNRCC contends that appeal is inadequate to remedy a temporary restraining order granted for a period longer than Rule 680 allows. The real parties in interest do not disagree, and the issue appears to be one of first impression.[2]

■ The initial inquiry is whether the district court's order is an appealable order. A temporary restraining order is generally not appealable. *See Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex.1992). A temporary injunction, however, is an appealable interlocutory order. *See* TEX. CIV. PRAC. & REM.CODE § 51.014(4). The fact that the order is denominated as a temporary restraining order does not control whether the order is appealable. Whether an order is a non-appealable temporary restraining order or an appealable temporary injunction depends on the order's characteristics and function, not its title. *Qwest Communications Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex.2000); *Del Valle*, 845 S.W.2d at 809. In *Del Valle*, we explained the roles the different orders serve:

> A temporary restraining order is one entered as part of a motion for a temporary injunction, by which a party is restrained pending the hearing of the motion. A temporary injunction is one which operates until dissolved by an interlocutory order or until the final hearing.

*Id.* (quoting *Brines v. McIlhaney*, 596 S.W.2d 519, 523 (Tex.1980)). We observed in *Del Valle* that an order "which directs

the conduct of a party but does not contemplate imminent disposition of a request for a temporary or permanent injunction, cannot be categorized as a non-appealable temporary restraining order." *Del Valle*, 845 S.W.2d at 809.

The district court's initial order here has the characteristics and function of a temporary restraining order. It restrained the TNRCC from giving immediate effect to the executive director's authorization. The order provided for its own dissolution and set a hearing on the temporary injunction motion on dates agreed to by the parties as Rule 680 permits. It does not alter the status quo. *See Transport Co. of Tex. v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953) (holding that status quo of the controversy was the status immediately before Commission order granting amendment to certificate). It does not grant all the relief sought for a temporary injunction (injunction until trial on the merits), or a permanent injunction (injunction from granting the amendment here and other requested amendments). The question remains whether the improper extension order converted the temporary restraining order into an appealable temporary injunction.

Our Court has not addressed the effect of Rule 680's time limits on the appealability of temporary restraining orders or extensions. The temporary orders in *Qwest* and *Del Valle* were not denominated temporary restraining orders, and Rule 680's deadlines were not discussed as a factor in the decisions. Three courts of appeals' opinions have considered whether a temporary restraining order in excess of Rule 680's deadlines is effectively an appealable

---

**2.** The dissent complains of the lack of citation to "cases in which courts have exercised mandamus jurisdiction to review a complaint about a temporary restraining order," but the dissent likewise does not cite any cases in which a court even considered mandamus under these circumstances, much less rejected it.

temporary injunction, and reached different results. *Compare Laredo Junior College Dist. v. Zaffirini*, 590 S.W.2d 535 (Tex.Civ.App.-San Antonio 1979, writ ref'd n.r.e.), *with Global Natural Res. v. Bear, Stearns & Co.*, 642 S.W.2d 852, 854 (Tex. App.-Dallas 1982, no writ) and *Plant Process Equip., Inc. v. Harris*, 579 S.W.2d 53, 54 (Tex.Civ.App.-Houston [14th Dist.] 1979, no writ). In *Zaffirini*, the court of appeals held that a second extension of a temporary restraining order contrary to Rule 680 should not be considered an appealable temporary injunction. *Zaffirini*, 590 S.W.2d at 536. The trial court had granted the second extension when it recessed the temporary injunction hearing for a two-week period, and extended the temporary restraining order " 'until the hearing on the application for temporary injunction is concluded or until further orders of' the court." *Id.* The court of appeals held that the extension could not be considered an appealable order granting a temporary injunction, but was in effect "an invalid attempt to prolong the life of the temporary restraining order." *Id.*

In *Global Natural Resources* and *Plant Process Equipment*, the courts held that an order that does more than protect the status quo for the allowable period under Rule 680 is functionally an appealable temporary injunction. *See Global Natural Res.*, 642 S.W.2d at 854; *Plant Process Equip.*, 579 S.W.2d at 54. However, in both cases the challenged order was held to be a temporary injunction because it altered the status quo, not because of the order's duration.

Thus, no court has held that a temporary restraining order was effectively an appealable temporary injunction for the sole reason that it granted a longer period of restraint than Rule 680 allows. But there are a number of cases decided prior to Rule 680 in which a restraining order of inordinate duration was determined to be appealable. *See, e.g., Richardson v. Martin*, 127 S.W.2d 247 (Tex.Civ.App.-Waco 1939, writ ref'd); *Barkley v. Conklin*, 101 S.W.2d 405, 407 (Tex.Civ.App.-Waco 1937, no writ); *Terrell v. Alpha Petroleum Co.*, 54 S.W.2d 821 (Tex.Civ.App.-Beaumont 1932), *aff'd* 122 Tex. 257, 59 S.W.2d 364 (1933). Those cases did not have the benefit of Rule 680's fixed deadlines; therefore, they do not provide a standard for distinguishing temporary restraining orders from temporary injunctions based on duration alone.[3] Moreover, the issue in those cases was whether a purported temporary restraining order could be appealed; the availability of mandamus was not at issue.

The dissenting opinion's view-that a temporary restraining order exceeding Rule 680 time periods is an appealable temporary injunction-would require disapproving *Zaffirini*, the only Rule 680 deadline case appealed to this Court. But such a holding would not answer whether an appeal is an adequate remedy for a temporary restraining order that violates Rule 680 time limits.

The TNRCC argues, and we agree, that if the order is appealable, even an accelerated appeal would be inadequate because of the need for an expeditious decision. The short duration Rule 680 allows for temporary restraining orders is a critical safeguard against the harm occasioned by

---

3. Rule 680's statutory predecessor did not provide any comparable limits on the duration or extension of temporary restraining orders. *See* Tex.Rev.Civ. Stat. art. 4654 (superceded 1941). *See Ellis v. Vanderslice*, 486 S.W.2d 155, 158 (Tex.Civ.App.-Dallas 1972, no writ)(holding that rule 680 time limits did not constrain courts of appeals' authority to review temporary restraining orders that do more than maintain status quo until trial court can conduct a hearing).

a restraint on conduct that has yet to be subject to a truly adversarial proceeding. But the rules governing accelerated appeals contemplate an appellate process far in excess of fourteen days. Unlike the situation in original proceedings, a party pursuing an expedited appeal must obtain the consent of opposing parties to use a sworn record. TEX.R.APP. P. 28.3. Without that consent, an accelerated appeal requires either that a clerk prepare a record or that the appellant obtain an order from the trial or appellate court directing the clerk to transmit the original papers. *Id.* Rules 28.3, 34.5(f). If the record is not filed timely, the appellate clerk is directed to notify those responsible for its preparation and request that the record be filed within ten days. *Id.* Rule 37.3(a)(1). The appellant's brief is due twenty days from the filing of the record; the appellee's brief is due twenty days later. *Id.* Rule 38.6(a), (c). By the time this accelerated process winds its course, a party would have been restrained far beyond the period ostensibly guaranteed by Rule 680. *See Reagan Nat'l Adver. v. Vanderhoof Family Trust,* 82 S.W.3d 366 (Tex.App.-Austin 2002, no pet.) (temporary injunction mooted during course of accelerated appeal); *Salazar v. Gonzales,* 931 S.W.2d 59, 60 (Tex.App.-Corpus Christi 1996, no writ) (accelerated appeal that took more than 90 days to file the record, file appellant's and appellee's briefs, and set for submission was mooted by early voting beginning three days after submission).

■ Certainly, a court of appeals may expedite an accelerated appeal even further. In its discretion, the court of appeals may grant temporary orders, shorten the briefing schedule, or allow the case to be submitted without briefs. *Id.* Rules 28.3, 29.3. But whether an accelerated appeal will adequately remedy an order violating Rule 680 time limitations must not depend on courts' favorable exercise of discretion and opposing counsel's and court personnel's cooperation. We hold that mandamus is available to remedy a temporary restraining order that violates Rule 680's time limitations. Accordingly, without hearing oral argument, we conditionally granted the writ directing the district to set aside its May 10, 2002 extension order. *Id.* Rule 52.8(c).

Justice BAKER filed a dissenting opinion, in which Justice HANKINSON and Justice O'NEILL joined.

Justice BAKER filed a dissenting opinion, joined by Justice HANKINSON and Justice O'NEILL.

I agree with the Court's conclusion that the trial court abused its discretion when it extended the temporary restraining order for more than fourteen days. However, I do not agree with the Court's decision to grant mandamus relief rather than determine that the TNRCC has an adequate appellate remedy under our jurisprudence. I believe the circumstances here are similar to those in which Texas courts have determined that interlocutory appellate review existed because the challenged "temporary restraining order" effectively operated as a temporary injunction. Rather than holding that the order here is likewise appealable, the Court grants mandamus relief without significantly distinguishing these cases. And, in doing so, the Court blurs the abuse of discretion and inadequate appellate remedy prerequisites for granting mandamus relief. Accordingly, I dissent.

### I.  APPLICABLE LAW

Rule 680 of the Texas Rules of Civil Procedure limits a temporary restraining order's effectiveness to an initial fourteen day period and permits an additional fourteen day extension upon good cause

shown. Tex.R. Civ. P. 680. Rule 680 places strict time constraints on a temporary restraining order's life, because a temporary restraining order's purpose is to restrain a party's action only until a full evidentiary hearing on the request for a temporary injunction occurs. *See Del Valle I.S.D. v. Lopez,* 845 S.W.2d 808, 809 (Tex.1992).

In reviewing complaints about orders that restrain a party's action, Texas courts have repeatedly recognized that the order's nature and characteristics, rather than its title, control whether it is a nonappealable temporary restraining order or an appealable temporary injunction. *See Global Natural Res. v. Bear, Stearns & Co.,* 642 S.W.2d 852, 854 (Tex.App.-Dallas 1982, no writ); *Plant Process Equip., Inc. v. Harris,* 579 S.W.2d 53, 54 (Tex.Civ.App.-Houston [14th Dist.] 1979, no writ); *Ellis v. Vanderslice,* 486 S.W.2d 155, 159 (Tex. Civ.App.-Dallas 1972, no writ). Indeed, this Court recently reiterated its rejection of the notion that " 'matters of form control the nature of the order itself—it is the character and function of an order that determine its classification.' " *Qwest Communications Corp. v. AT & T,* 24 S.W.3d 334, 336 (Tex.2000) (quoting *Del Valle,* 845 S.W.2d at 809). Consequently, in reviewing a complaint against an order denominated as a "temporary restraining order," Texas courts have held that, if the order has a similar force and effect as a temporary injunction, it is an appealable order. *See Global Natural Res.,* 642 S.W.2d at 854; *Plant Process Equip.,* 579 S.W.2d at 54; *Ellis,* 486 S.W.2d at 159.

## II. ANALYSIS

The Court recognizes that we have consistently held that whether an order is an appealable temporary injunction depends upon the order's characteristics and function and not its title. *See* 85 S.W.3d at 205

(citing *Qwest,* 24 S.W.3d at 336; *Del Valle,* 845 S.W.2d at 809); *see also Terrell v. Alpha Petroleum Co.,* 54 S.W.2d 821 (Tex. Civ.App.-Beaumont 1932), *aff'd, Alpha Petroleum Co. v. Terrell,* 122 Tex. 257, 59 S.W.2d 364 (1933). Then, the Court acknowledges the types of cases in which Texas courts have determined whether they have interlocutory appellate authority to review an order purporting to be a temporary restraining order.

First, there are the cases holding that an order which supposedly grants a temporary restraining order, but either lasts indefinitely or sets an expiration date longer than what Rule 680 permits, is an appealable temporary injunction. *See, e.g., Richardson v. Martin,* 127 S.W.2d 247 (Tex. Civ.App.-Waco 1939, writ ref'd); *Prewitt v. Smith,* 528 S.W.2d 893 (Tex.Civ.App.-Austin 1975, no writ). Second, there are the cases holding that an order granting a "temporary restraining order" but having the effect of a temporary injunction—either by doing more than maintaining the status quo or issuing relief that the trial court may grant only after hearing and notice—is an appealable temporary injunction. *See, e.g., Global Natural Res.,* 642 S.W.2d at 854; *Plant Process Equip.,* 579 S.W.2d at 54; *Ellis,* 486 S.W.2d at 159.

Notably missing from the Court's writing is any discussion of cases in which courts have exercised mandamus jurisdiction to review a complaint about a temporary restraining order. And, the Court identifies only one case issued after Rule 680 incorporated a time limitation for temporary restraining orders which holds that a temporary restraining order extended beyond the rule's time limits was not appealable. *Laredo Junior College Dist. v. Zaffirini,* 590 S.W.2d 535, 536 (Tex.Civ. App.-San Antonio 1979, writ ref'd n.r.e.).

In *Zaffirini,* the court of appeals dismissed for lack of jurisdiction the interloc-

utory appeal challenging the "temporary restraining order," because it concluded that the trial court extended the temporary restraining order beyond the rule's time period solely to preserve the status quo until the trial court could complete the temporary injunction hearing. *Zaffirini,* 590 S.W.2d at 536. No cases since have relied on *Zaffirini* to deny interlocutory appellate review of an order that purports to be a temporary restraining order but functions more like a temporary injunction. Consequently, all I can conclude from our jurisprudence is that, even before the temporary restraining order rule incorporated time limits, courts have focused upon the order's nature to determine if it is appealable. And, if the order does something more than what a temporary restraining order is supposed to do—such as change the status quo, have an effect beyond the temporary injunction hearing, grant the same relief as that requested for the temporary injunction, or extend beyond the rule's time limits—then it is an appealable temporary injunction.

The Court asserts that the district court's initial temporary restraining order has the characteristics and function of a temporary restraining order, because it did not alter the status quo, set a hearing for the temporary injunction hearing, and set a time for its own dissolution. But the Court asserts, "[t]he question remains whether the improper extension order converted the temporary restraining order into an appealable temporary injunction." 85 S.W.3d at 205. The answer, under our jurisprudence and the record, is yes. Once the trial court extended the temporary restraining order contrary to Rule 680, the temporary restraining order did something more than what it was supposed to do. The City of Uncertain's trial court petition shows that the relief sought and granted in the extended temporary restraining order is exactly the same relief

the City of Uncertain requests for the temporary injunction. Specifically, the extended temporary restraining order prevents the TNRCC's amendments to the City of Marshall's water rights from becoming effective until the trial court conducts the temporary injunction hearing. The City of Uncertain's request for a temporary injunction likewise seeks an order preventing the TNRCC's amendments from becoming effective. Furthermore, the extended temporary restraining order enjoined the TNRCC's amendments from becoming immediately effective until the TNRCC heard the City of Uncertain's motion to overrule those amendments. The record shows that the TNRCC was to hear the motion to overrule before the date of the temporary injunction hearing. Though we do not know how the TNRCC ruled, if it granted the City of Uncertain's motion to overrule, then the relief in the improperly extended temporary restraining order also had an effect beyond the temporary injunction hearing's date. This is because the City of Uncertain would have obtained all the relief it desired before an evidentiary hearing on the temporary injunction took place. Accordingly, once the trial court extended the temporary restraining order's effect beyond the Rule 680's time limits, this converted the order to an appealable temporary injunction under our law. *See Global Natural Res.,* 642 S.W.2d at 854; *Plant Process Equip.,* 579 S.W.2d at 54; *Ellis,* 486 S.W.2d at 159.

The Court contends an appeal is inadequate because of the need for an expeditious decision. It bases this determination on problems the Court speculates may happen when pursuing an accelerated appeal. *See* 85 S.W.3d at 206 (citing various appellate rules). Certainly, the appellate rules about accelerated and interlocutory appeals do not operate to have effects contrary to their intended purpose—that

is, for courts of appeals to hear and decide the case quickly. Moreover, as the Court recognizes, courts of appeals have authority to enter "temporary orders necessary to preserve the parties' rights until disposition" of the interlocutory appeal. Tex. R.App. P. 29.3. This may include stay orders and orders shortening the briefing schedule. *See also* Tex.R.App. P. 2 ("[A]n appellate court may—to expedite a decision or for other good case—suspend a rule's operation in a particular case and order a different procedure."). Further, in an accelerated appeal, the trial court can forward the pertinent papers, or the court of appeals can consider sworn and uncontroverted copies. Tex.R.App. P. 28.3. Contrary to the Court's suggestion, I believe this means the appellant may submit sworn copies of the pertinent papers, and then the other party has the burden to controvert or add to this information, if necessary. *See, e.g., Atchison v. Weingarten Realty Mgmt. Co.*, 916 S.W.2d 74, 76 (Tex.App.-Houston [1st Dist.] 1996, no writ) (recognizing, in a case in which appellant submitted sworn copies of various documents, that only appellants in accelerated appeals may rely on such documents).

Finally, the cases the Court relies upon to suggest the interlocutory appeal process is too slow are inapplicable. In *Reagan*, nothing suggests the process mooted the interlocutory appeal; rather, the parties' own conduct did so. *See Reagan Nat. Adver. v. Vanderhoof Family Trust*, 82 S.W.3d 366 (Tex.App.-Austin 2002, no pet. h.). Further, in *Salazar*, the court of appeals dismissed an election contest on accelerated appeal as moot, specifically pointing out that the court acted diligently but the appellant moved for an extension of time to file the record. *Salazar v. Gonzales*, 931 S.W.2d 59, 60 (Tex.App.-Corpus Christi 1996, no writ). Notably, neither *Reagan* nor *Salazar* indicate that

the parties urged the courts of appeals to issue orders to move the appeal along faster, as the courts could have done under the appellate rules discussed above.

In sum, the hurdles the Court identifies are not as insurmountable as the Court contends. Indeed, the numerous cases involving interlocutory appeals challenging orders purporting to be temporary restraining orders, along with the dearth of mandamus cases doing the same, demonstrate that the accelerated appellate system works. The Court criticizes this dissent for not citing cases in which courts have considered or rejected mandamus under these circumstances. 85 S.W.3d at 205 n. 2. How random. This dissent's entire thrust is that our jurisprudence shows that courts of appeals have resolved the issue in this case on interlocutory appeal and not by mandamus. In any event, until today, no authority existed to cite, as the Court nonsensically asserts I should.

### III. CONCLUSION

A temporary restraining order's purpose is to restrain a party's action only until a full evidentiary hearing occurs. *See Del Valle*, 845 S.W.2d at 809. And Rule 680 expressly confines a temporary restraining order's duration. Tex.R. Civ. P. 680. Our jurisprudence demonstrates that an adequate appellate remedy exists for parties challenging orders that purport to be temporary restraining orders but do something more than the limited purpose they serve. However, the Court's decision to grant mandamus in this case without meaningfully distinguishing this case from those granting appellate relief has confused an area of law that was otherwise clear. In the future, when parties seek review of a "temporary restraining order" that functions like a temporary injunction—whether it is because the order changes the status quo, has an effect be-

yond the temporary injunction hearing, grants the same relief as requested for the temporary injunction, or lasts longer than Rule 680 allows—they will not only file mandamus petitions but also an interlocutory appeal.

The Court should have denied mandamus relief because an adequate appellate remedy exists. Because the Court unnecessarily confuses our law on how parties may seek review of a "temporary restraining order" that effectively functions like a temporary injunction, I dissent.