**In re Spiro NIKOLOUZOS by his Wife Jannette NIKOLOUZOS, Relator.**

**No. 01–05–00207–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 15, 2005.

Mario Caballero, Houston, for relator.

Earnest W. Wotring, Connelly, Baker, Maston, Wotring & Jackson, L.L.P., Houston, for respondent.

Panel consists of Justices NUCHIA, JENNINGS, and ALCALA.

## OPINION

PER CURIAM.

On Saturday, March 12, 2005, relator, Spiro Nikolouzos by his wife Jannette Nikolouzos, filed with this Court both a notice of appeal (appellate cause number 01–05–00206–CV) and a petition for writ of injunction (appellate cause number 01–05–00207–CV) to prevent respondent, St. Luke's Episcopal Hospital, from taking Spiro Nikolouzos off life support.

Notices of appeals directed to the First and Fourteenth Courts of Appeals are filed with the trial-court clerk, who then makes a random assignment to either Court. *See* TEX. GOV'T CODE ANN. § 22.202(h) (Vernon 2004). Original proceedings directed to the First and Fourteenth Courts of Appeals are filed in the appellate Courts according to a procedure described in *Time Warner Entertainment Co., L.P. v. Hebert,* 916 S.W.2d 47, 49 (Tex.App.-Houston [1st Dist.] 1996, no writ). *See also* TEX. GOV'T CODE ANN. §§ 22.202(h), .215(e) (Vernon 2004) (authorizing transfer of cases between the First and Fourteenth Courts of Appeals).

Because the notice of appeal was filed directly with this Court on a Saturday and an emergency existed, this Court was unable to wait for the trial-court clerk to make an assignment of the appeal without the appeal possibly becoming moot. The Court accepted the notice of appeal pursuant to Texas Rule of Appellate Procedure 25.1(a) and issued a writ of injunction to prevent the appeal from becoming moot. *See* TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 2004) (court of appeals may issue all writs necessary to enforce jurisdiction of court); TEX.R.APP. P. 25.1(a) ("If a notice of appeal is mistakenly filed with the appellate court, the notice is deemed to have been filed the same day with the trial court clerk, and the appellate clerk must immediately send the trial court clerk a copy of the notice."), (b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from. Any party's failure to take any other step required by these rules . . . does not deprive the appellate court of jurisdiction but is ground only for the appellate court to act appropriately, including dismissing the appeal."); *see also In re Washington,* 7 S.W.3d 181, 182 (Tex.App.-Houston [1st Dist.] 1999, orig. proceeding) (appellate court has jurisdiction to determine whether it has jurisdiction).

On Monday, March 14, 2005, the Clerk of this Court sent a copy of the notice of appeal to the trial-court clerk pursuant to Texas Rule of Appellate Procedure 25.1(a). The trial-court clerk randomly assigned the appeal to the Fourteenth Court of Appeals, and the trial-court clerk notified both appellate Courts.

Because the appeal has not been assigned to this Court, we no longer have jurisdiction to issue a writ of injunction to

protect our appellate jurisdiction of the appeal. Accordingly, we dissolve the injunction and dismiss the original proceeding.

It is so **ordered.**

Justice JENNINGS concurring.

TERRY JENNINGS, Justice, concurring.

I dissented from this Court's May 12, 2005 order commanding that St. Luke's Episcopal Hospital (St. Luke's) "desist and refrain from proceeding with taking Spiro Nikolouzos off life support" because this Court never had jurisdiction to enter such an order on the appeal of the denial of a temporary restraining order.

Spiro Nikolouzos by his wife Jannette Nikolouzos, challenge the district court's orders, dated March 9, 2005 and March 11, 2005, denying "Plaintiff's First and Second Applications for a Temporary Restraining Order" against St. Luke's. In both applications, the Nikolouzoses requested that the district court "enjoin [appellee] from disconnecting Mr. Nikolouzos from life support." They contend that they were "entitled to a restraining order" because they "had proven a reasonable expectation of a transfer to another health care facility that would honor a patient's directive if the extension is granted." *See* TEX. HEALTH & SAFETY CODE ANN. § 166.046(g) (Vernon Supp. 2004–2005).

It is well-settled law that appellate courts have jurisdiction to consider immediate appeals of interlocutory orders "only if a statute explicitly provides appellate jurisdiction." *Stary v. DeBord,* 967 S.W.2d 352, 352–53 (Tex.1998); *see* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp. 2004–2005) (allowing appeal of *interlocutory* order in 10 instances, not including the granting or denial of a temporary restraining order). No statutory provision exists permitting appeal from a temporary restraining order. Accordingly, the granting or denial of a temporary restraining order is generally not appealable. *In re Tex. Natural Res. Conservation Comm'n,* 85 S.W.3d 201, 205 (Tex.2002). When a party attempts to appeal a nonappealable interlocutory order, appellate courts have no jurisdiction except to declare the interlocutory nature of the order and to dismiss the appeal. TEX.R.APP. P. 42.3(a); *Yancey v. Jacob Stern & Sons, Inc.,* 564 S.W.2d 487, 488 (Tex.Civ.App.-Houston [1st Dist.] 1978, no writ); *Lipshy Motorcars, Inc. v. Sovereign Assoc.'s, Inc.,* 944 S.W.2d 68, 70 (Tex.App.-Dallas 1997, no writ).

On the other hand, a temporary injunction is an appealable interlocutory order. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(4). Our sister court has recognized that "where the force and effect of a temporary restraining order is indistinguishable from that of a temporary injunction, the order is appealable." *Plant Process Equip., Inc. v. Harris,* 579 S.W.2d 53, 54 (Tex.Civ.App.-Houston [14th Dist.] 1979, no writ). The "controlling factor" is "whether *the relief granted* does more than preserve the status quo" during the limited time span of a temporary restraining order. *Id.* (emphasis added). However, because the requests for a temporary restraining order in this case were denied rather than granted, this analysis is not applicable. *Boone v. City of Houston,* No. 14–97–01042–CV, 1998 WL 470364, at *1 n. 2 (Tex.App.-Houston [14th Dist.] Aug. 13, 1998, no pet.) (not designated for publication).

Accordingly, because this Court never had jurisdiction to review the interlocutory denial of the applications for a temporary restraining order in this matter, I concur

in the order dissolving the injunction and dismissing the original proceeding.