Opinion issued March 15, 2005

 









In The
Court of Appeals
For the
First District of Texas
____________

NO. 01–05–00207–CV
____________

IN RE SPIRO NIKOLOUZOS BY HIS WIFE JANNETTE NIKOZOUZOS,
Relator




Original Proceeding on Petition for Writ of Injunction




CONCURRING OPINION
          I dissented from this Court’s May 12, 2005 order commanding that St. Luke’s
Episcopal Hospital (St. Luke’s) “desist and refrain from proceeding with taking Spiro
Nikolouzos off life support” because this Court never had jurisdiction to enter such
an order on the appeal of the denial of a temporary restraining order. 
          Spiro Nikolouzos by his wife Janette Nikouzos, challenge the district court’s
orders, dated March 9, 2005 and March 11, 2005, denying “Plaintiff’s First and
Second Applications for a Temporary Restraining Order” against St. Luke’s. In both
applications, the Nickolouzoses requested that the district court “enjoin [appellee]
from disconnecting Mr. Nickolouzos from life support.” They contend that they were
“entitled to a restraining order” because they “had proven a reasonable expectation
of a transfer to another health care facility that would honor a patient’s directive if the
extension is granted.” 
          It is well-settled law that appellate courts have jurisdiction to consider
immediate appeals of interlocutory orders “only if a statute explicitly provides
appellate jurisdiction.” Stary v. DeBord, 967 S.W.2d 352, 352-3 (Tex.1998); see
Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2004-2005) (allowing
appeal of interlocutory order in ten instances, not including the granting or denial of
a temporary restraining order). No statutory provision exists permitting appeal from
a temporary restraining order. Accordingly, the granting or denial of a temporary
restraining order is generally not appealable. In re Tex. Natural Res. Conservation
Comm’n, 85 S.W.3d 201, 205 (Tex.2002). When a party attempts to appeal a non-appealable interlocutory order, appellate courts have no jurisdiction except to declare
the interlocutory nature of the order and to dismiss the appeal. Tex. R. App. P.
42.3(a); Yancey v. Jacob Stern & Sons, Inc., 564 S.W.2d 487, 488 (Tex.
App.—Houston [1st Dist.] 1978, no pet.); Lipshy Motorcars, Inc. v. Sovereign Assoc.,
Inc., 944 S.W.2d 68, 70 (Tex. App.—Dallas 1997, no pet.). 
          On the other hand, a temporary injunction is an appealable interlocutory order. 
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(4). Our sister court has recognized
that “where the force and effect of a temporary restraining order is indistinguishable
from that of a temporary injunction, the order is appealable.” Plant Process Equip.,
Inc. v. Harris, 579 S.W.2d 53, 54 (Tex. App.—Houston [14th Dist.] 1979, no pet.). 
The “controlling factor” is “whether the relief granted does more than preserve the
status quo” during the limited time span of a temporary restraining order. Id.
(emphasis added). However, because the requests for a temporary restraining order
in this case were denied rather than granted, this analysis is not applicable. Boone v.
City of Houston, No. 14-97-01042-CV, 1998 WL 470364 *1 n.2 (Tex.
App.—Houston [14th Dist.] Aug. 13, 1998, no pet.) (not designated for publication). 
         Accordingly, because this Court never had jurisdiction to review the
interlocutory denial of the applications for a temporary restraining order in this
matter, I concur in the order dissolving the injunction and dismissing the original
proceeding. 
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Alcala.

Publish. Tex. R. App. P. 47.2(b).