NO. 12-07-00450-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


MARVIN CHAMPION,
§
 APPEAL FROM THE FOURTH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 RUSK COUNTY, TEXAS

 

MEMORANDUM OPINION


 Appellant Marvin Champion, proceeding pro se, appeals the trial court's order denying his
motion for emergency relief. In four issues on appeal, Champion argues that trial court abused its
discretion in denying his motion. We dismiss for want of jurisdiction.


Background

 Champion, an inmate in the Texas Department of Criminal Justice-Institutional Division
("TDCJ"), filed an in forma pauperis civil suit against the State of Texas, complaining, in part, that
section 14.001 of the Texas Civil Practices and Remedies Code was facially unconstitutional; that
he was being denied constitutional access to the courts, i.e., the prison law library, because he was
allowed admittance only ten hours each week; and that he and other prisoners were being
purposefully discriminated against because they were being denied meaningful vocational training
and rehabilitation. 

 Champion filed both a motion for summary judgment and a motion for emergency relief. In
his motion for emergency relief, he stated that he had been "unilaterally" denied access to the courts
by the State. More specifically, he alleged that he was being denied access to the prison law library
to prepare his motion for summary judgment. Champion stated that he could not go to the library
without authorization, that on one occasion the State refused to allow him to go to the library, and
that his time in the library was limited at certain times because of "counts" and a power failure.
Therefore, Champion requested the trial court to issue a temporary injunction to stop the State from
denying him access to the library. The trial court denied Champion's motion for emergency relief.
This appeal followed.


Motion for Emergency Relief

 In his fourth issue, Champion argues that the trial court abused its discretion in denying his
motion for emergency relief. He contends that the State limited his time in the prison law library
and, thus, denied him access to the courts. The State counters that Champion's motion requests a
temporary restraining order and, thus, is not an appealable interlocutory order. Alternatively, the
State contends that if Champion's motion requests a temporary injunction, it is moot because he has
been paroled and is no longer incarcerated.

Applicable Law

 A temporary restraining order is generally not appealable. In re Tex. Natural Res.
Conservation Comm'n, 85 S.W.3d 201, 205 (Tex. 2002). A temporary injunction, however, is an
appealable interlocutory order. Id.; Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon
2008). Whether an order is a nonappealable temporary restraining order or an appealable temporary
injunction depends on the order's characteristics and function, not its title. In re Tex. Natural Res.,
85 S.W.3d at 205. A temporary restraining order is entered as part of a motion for a temporary
injunction and restrains a party pending the hearing of the motion. Id. Further, unless extended for
good cause or by consent, a temporary restraining order expires by its own terms not more than
fourteen days after it is signed. Tex. R. Civ. P. 680. A temporary restraining order must also state
the day and time set for a hearing, which shall be not more than fourteen days from the date of the
court's order granting the temporary restraining order. Tex. R. Civ. P. 687(e).

 A temporary injunction operates until it is dissolved by an interlocutory order or until the
final hearing. In re Tex. Natural Res., 85 S.W.3d at 205. The purpose of a temporary injunction
is to preserve the status quo of the litigation's subject matter pending a trial on the merits. Butnaru
v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002). A temporary injunction is an extraordinary
remedy and does not issue as a matter of right. Id. Whether to grant or deny a temporary injunction
is within the trial court's sound discretion. Butnaru, 84 S.W.3d at 204. An order that directs the
conduct of a party, but does not contemplate imminent disposition of a request for a temporary or
permanent injunction, cannot be categorized as a nonappealable temporary restraining order. De
Valle Indep. Sch. Dist. v. Lopez, 845 S.W.2d 808, 809 (Tex. 1992).

 Appellate courts are prohibited from determining moot controversies. Nat'l Collegiate
Athletic Ass'n v. Jones, 1 S.W.3d 83, 86 (Tex. 1999). A case becomes moot if at any stage there
ceases to be an actual controversy between the parties. Id. When a temporary injunction becomes
inoperative due to a change in the status of the parties or the passage of time, the issue of its validity
is moot. Id. 

Analysis

 In his motion for emergency relief, Champion requested the trial court issue a "temporary
injunction" to prevent the State from denying him access to the prison law library. Champion did
not request a hearing on the motion, and did not state when the motion, if granted, should expire. 
See In re Tex. Natural Res., 85 S.W.2d at 204. In fact, Champion's motion appears to ask that the
State be indefinitely restrained from denying him access to the prison law library. See id. The effect
of such an order would be to allow Champion unlimited access to the prison law library, which
would alter the status quo that existed before the suit was filed. See Plant Process Equip., Inc. v.
Harris, 579 S.W.2d 53, 55 (Tex. Civ. App.-Houston [14th Dist.] 1979, no writ). Because
Champion's motion requests an injunction for an indefinite time period, does not request a hearing,
and requests relief that would alter the status quo, we conclude that his motion for emergency relief
was a request for a temporary injunction. Therefore, the trial court's denial of Champion's motion
is appealable. See In re Tex. Natural Res., 85 S.W.3d at 205; Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(4). 

 However, as the State points out, Champion has been paroled and is no longer incarcerated.
When a temporary injunction becomes inoperative due to a change in the status of the parties or there
ceases to be a controversy between the parties, the issue of its validity is moot. See Nat'l Collegiate
Athletic Ass'n, 1 S.W.3d at 86. It logically follows that those same occurrences would render moot
a challenge to the denial of a temporary injunction. Champion's status as an inmate changed when
he was paroled and, thus, the controversy between the parties, access to the prison law library, ceased
to exist. Because Champion is no longer incarcerated, and therefore no longer needs access to the
prison law library, we conclude that the issue of whether the trial court erroneously denied his
motion for emergency relief is moot. Appellant's fourth issue is overruled. (1)


Disposition

 Because the trial court's denial of Champion's motion for emergency relief is moot, we
dismiss this case for want of jurisdiction. All pending motions are overruled as moot.




 SAM GRIFFITH 

 Justice



Opinion delivered March 4, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.





 

(PUBLISH)
1. In his three remaining issues, Champion argues that section 14.001 of the Texas Civil Practices and
Remedies Code is facially unconstitutional; that the weekly ten hour limitation for access to the prison law library is
arbitrary and should be increased to fifteen hours of "actual" time for meritorious research; and that he and other
prisoners are being purposefully discriminated against because the State refuses to offer or curtails rehabilitation and
training. These are the same claims included in Champion's underlying suit. An appeal may be taken only from a
final judgment. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of
appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree. Id. 
Here, there has been no final judgment in the underlying suit disposing of these issues. Thus, we are without
jurisdiction to address Champion's remaining issues in this appeal.