# NO. 12-07-00450-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARVIN CHAMPION,*<br>*APPELLANT* | § | *APPEAL FROM THE FOURTH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *RUSK COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant Marvin Champion, proceeding pro se, appeals the trial court's order denying his motion for emergency relief. In four issues on appeal, Champion argues that trial court abused its discretion in denying his motion. We dismiss for want of jurisdiction.

### BACKGROUND

Champion, an inmate in the Texas Department of Criminal Justice-Institutional Division ("TDCJ"), filed an in forma pauperis civil suit against the State of Texas, complaining, in part, that section 14.001 of the Texas Civil Practices and Remedies Code was facially unconstitutional; that he was being denied constitutional access to the courts, i.e., the prison law library, because he was allowed admittance only ten hours each week; and that he and other prisoners were being purposefully discriminated against because they were being denied meaningful vocational training and rehabilitation.

Champion filed both a motion for summary judgment and a motion for emergency relief. In his motion for emergency relief, he stated that he had been "unilaterally" denied access to the courts

by the State. More specifically, he alleged that he was being denied access to the prison law library to prepare his motion for summary judgment. Champion stated that he could not go to the library without authorization, that on one occasion the State refused to allow him to go to the library, and that his time in the library was limited at certain times because of "counts" and a power failure. Therefore, Champion requested the trial court to issue a temporary injunction to stop the State from denying him access to the library. The trial court denied Champion's motion for emergency relief. This appeal followed.

## MOTION FOR EMERGENCY RELIEF

In his fourth issue, Champion argues that the trial court abused its discretion in denying his motion for emergency relief. He contends that the State limited his time in the prison law library and, thus, denied him access to the courts. The State counters that Champion's motion requests a temporary restraining order and, thus, is not an appealable interlocutory order. Alternatively, the State contends that if Champion's motion requests a temporary injunction, it is moot because he has been paroled and is no longer incarcerated.

### Applicable Law

A temporary restraining order is generally not appealable. *In re Tex. Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex. 2002). A temporary injunction, however, is an appealable interlocutory order. *Id.*; TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon 2008). Whether an order is a nonappealable temporary restraining order or an appealable temporary injunction depends on the order's characteristics and function, not its title. *In re Tex. Natural Res.*, 85 S.W.3d at 205. A temporary restraining order is entered as part of a motion for a temporary injunction and restrains a party pending the hearing of the motion. *Id.* Further, unless extended for good cause or by consent, a temporary restraining order expires by its own terms not more than fourteen days after it is signed. TEX. R. CIV. P. 680. A temporary restraining order must also state the day and time set for a hearing, which shall be not more than fourteen days from the date of the court's order granting the temporary restraining order. TEX. R. CIV. P. 687(e).

A temporary injunction operates until it is dissolved by an interlocutory order or until the final hearing. *In re Tex. Natural Res.*, 85 S.W.3d at 205. The purpose of a temporary injunction

is to preserve the status quo of the litigation's subject matter pending a trial on the merits. ***Butnaru v. Ford Motor Co.***, 84 S.W.3d 198, 204 (Tex. 2002). A temporary injunction is an extraordinary remedy and does not issue as a matter of right. ***Id.*** Whether to grant or deny a temporary injunction is within the trial court's sound discretion. ***Butnaru***, 84 S.W.3d at 204. An order that directs the conduct of a party, but does not contemplate imminent disposition of a request for a temporary or permanent injunction, cannot be categorized as a nonappealable temporary restraining order. ***De Valle Indep. Sch. Dist. v. Lopez***, 845 S.W.2d 808, 809 (Tex. 1992).

Appellate courts are prohibited from determining moot controversies. ***Nat'l Collegiate Athletic Ass'n v. Jones***, 1 S.W.3d 83, 86 (Tex. 1999). A case becomes moot if at any stage there ceases to be an actual controversy between the parties. ***Id.*** When a temporary injunction becomes inoperative due to a change in the status of the parties or the passage of time, the issue of its validity is moot. ***Id.***

## Analysis

In his motion for emergency relief, Champion requested the trial court issue a "temporary injunction" to prevent the State from denying him access to the prison law library. Champion did not request a hearing on the motion, and did not state when the motion, if granted, should expire. *See **In re Tex. Natural Res.***, 85 S.W.2d at 204. In fact, Champion's motion appears to ask that the State be indefinitely restrained from denying him access to the prison law library. *See **id.*** The effect of such an order would be to allow Champion unlimited access to the prison law library, which would alter the status quo that existed before the suit was filed. *See **Plant Process Equip., Inc. v. Harris***, 579 S.W.2d 53, 55 (Tex. Civ. App.–Houston [14th Dist.] 1979, no writ). Because Champion's motion requests an injunction for an indefinite time period, does not request a hearing, and requests relief that would alter the status quo, we conclude that his motion for emergency relief was a request for a temporary injunction. Therefore, the trial court's denial of Champion's motion is appealable. *See **In re Tex. Natural Res.***, 85 S.W.3d at 205; TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4).

However, as the State points out, Champion has been paroled and is no longer incarcerated. When a temporary injunction becomes inoperative due to a change in the status of the parties or there ceases to be a controversy between the parties, the issue of its validity is moot. *See **Nat'l Collegiate**

3

*Athletic Ass'n*, 1 S.W.3d at 86. It logically follows that those same occurrences would render moot a challenge to the denial of a temporary injunction. Champion's status as an inmate changed when he was paroled and, thus, the controversy between the parties, access to the prison law library, ceased to exist. Because Champion is no longer incarcerated, and therefore no longer needs access to the prison law library, we conclude that the issue of whether the trial court erroneously denied his motion for emergency relief is moot. Appellant's fourth issue is overruled.[1]

## DISPOSITION

Because the trial court's denial of Champion's motion for emergency relief is moot, we *dismiss* this case for want of jurisdiction. All pending motions are overruled as moot.

    SAM GRIFFITH
Justice

Opinion delivered March 4, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[1] In his three remaining issues, Champion argues that section 14.001 of the Texas Civil Practices and Remedies Code is facially unconstitutional; that the weekly ten hour limitation for access to the prison law library is arbitrary and should be increased to fifteen hours of "actual" time for meritorious research; and that he and other prisoners are being purposefully discriminated against because the State refuses to offer or curtails rehabilitation and training. These are the same claims included in Champion's underlying suit. An appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree. *Id.* Here, there has been no final judgment in the underlying suit disposing of these issues. Thus, we are without jurisdiction to address Champion's remaining issues in this appeal.

4