OPINION


 No. 04-07-00508-CV


Patrick John GOLDTHORN,

Appellant


v.


Burk GOLDTHORN,

Appellee


From the 198th Judicial District Court, Kerr County, Texas

Trial Court No. 07-379-B

Honorable Charles E. Sherrill, Judge Presiding


Opinion by: Sandee Bryan Marion, Justice

 

Sitting: Catherine Stone, Justice

 Sandee Bryan Marion, Justice

 Rebecca Simmons, Justice

 

Delivered and Filed: October 24, 2007


REVERSE AND REMAND


 In this accelerated appeal, we consider whether the trial court abused its discretion in granting
a temporary injunction in the absence of any supporting evidence. We conclude the trial court erred;
therefore, we reverse and remand.



BACKGROUND

 Appellant and appellee are the only living children of decedent Martha Goldthorn. In the
underlying lawsuit, appellee seeks to set aside his mother's will and other estate planning documents
on the grounds that she lacked capacity to execute them. Appellee initially obtained a temporary
restraining order, and then requested a temporary injunction "freezing" the assets of his mother's
estate until a trial on the merits. The trial court heard appellee's request for injunctive relief at an
evidentiary hearing, at which only a single witness, Zack Mason, testified. Mason was called to
testify by appellant, who opposed the injunctive relief. Appellant's attorney explained that because
appellee had to prove he would succeed on the merits in order to obtain injunctive relief, he
(appellant) was calling Mason as the only witness who was present in the room when Martha
executed her will and could testify to her capacity.

 Mason, the probate and estate planning attorney who drafted Martha's 2006 will, testified
he visited with Martha about five times in his office in 2006; on the day she executed the will, he
discussed the terms of the will with her; and he believed she had sufficient ability to understand the
act of making a will and the extent and nature of her property. The trial court interrupted the
questioning to ask appellant's attorney to explain how holding matters in abeyance would harm his
client. Receiving no satisfactory answer, the trial court asked the attorneys and parties to "step back
into the jury room and discuss this matter [for] a few minutes." Following a brief recess, appellant's
attorney stated no agreement had been reached and he asked that the court dissolve the temporary
restraining order. No further testimony or evidence was offered. The trial court signed an order
issuing a temporary injunction, and this appeal ensued.DISCUSSION

 A trial court has broad discretion in deciding whether to grant or deny a temporary injunction. 
Butnaru v. Ford Motor Co., 84 S .W.3d 198, 204 (Tex. 2002); Wu v. City of San Antonio, 216
S.W.3d 1, 4 (Tex. App.--San Antonio 2006, no pet.). An appellate court will uphold the trial court's
judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable
discretion. Butnaru, 84 S.W.3d at 204. The trial court abuses its discretion when "the law is
misapplied to established facts, or when the evidence does not reasonably support the conclusion that
the applicant has a probable right of recovery." Wu, 216 S.W.3d at 4.

 As a prerequisite to a temporary injunction, probable right and probable injury must be
established by competent evidence adduced at a hearing. Millwrights Local Union No. 2484 v. Rust
Eng'g Co., 433 S.W.2d 683, 686-87 (Tex. 1968). At the hearing, appellee's attorney stated appellee
would "be happy to put on evidence" but it would take longer than fifteen minutes to do so. The trial
court stated it had a "bad docket" and "under the circumstances . . [would] just order that the
temporary order remain in force and effect." The court then allowed appellant to "make an
exception," at which point appellant offered Mason's testimony. We conclude that because no
evidence was adduced at the hearing on irreparable injury or on probable recovery, the trial court
erred in granting the temporary injunction. See In re Tex. Natural Res. Conservation Comm'n, 85
S.W.3d 201, 204 (Tex. 2002) (orig. proceeding) (noting temporary injunctions require more stringent
proof requirements than temporary restraining orders that can issue on sworn pleadings); Markel v.
World Flight, Inc., 938 S.W.2d 74, 79 (Tex. App.--San Antonio 1996, no writ) (holding that
pleadings alone will not support entry of a temporary injunction where record contains absolutely
no testimony or any type of evidence to prove imminent or irreparable harm).

CONCLUSION

 We reverse the trial court's order granting temporary injunctive relief and thereby dissolve
the temporary injunction; we also remand the cause to the trial court for further proceedings
consistent with this opinion.


 Sandee Bryan Marion, Justice