COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-350-CV

 

 

MICHAEL LOU GARRETT                                                      APPELLANT

 

                                                   V.

 

LARRY E. BERGER, TINA
L.                                                   APPELLEES

CARROLL,
TINA S. VITOLO,

TRACY
M. KUTAVA, JERRI HAIR,

VIKKI
D. WRIGHT, JOHN DOE #1,

JOHN
DOE #2, JOSEPH C.

BOYLES,
TOMMY L. NORWOOD,

ROCKY
N. MOORE, E.C. WILLIAMS,

AND
JAMIE L. BAKER

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








On October 15, 2007,
appellant Michael Lou Garrett filed a notice of appeal in the trial court
challenging the trial court=s interlocutory order denying his motion for a temporary restraining
order.  On October 24, 2007, we sent
appellant a letter telling him that we may lack jurisdiction over the appeal
and giving him until November 5, 2007 to file a response showing grounds for
continuing the appeal.  He filed a timely
response, in which he contended that this court has jurisdiction over the
appeal because by denying appellant=s motion for a temporary restraining order and refusing to set a
hearing on the motion for temporary injunction, the trial court necessarily
denied the motion for a temporary injunction.








A trial court=s interlocutory orders, such as the denial of a temporary restraining
order, are generally not appealable absent statutory authorization; no statute
permits the interlocutory appeal of the denial of a temporary restraining order
unless such an appeal is agreed upon by the parties and approved by the trial
court in a matter involving a controlling question of law from which an
immediate appeal may materially advance the ultimate termination of
litigation.  See Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a), (d) (Vernon Supp. 2007). 
There is no such agreement here. 
Nor is the denial of appellant=s request for a temporary restraining order the type of order that in
essence functions as a temporary injunction. 
See In re Tex. Natural Res. Conservation Comm'n, 85 S.W.3d 201,
205-06 (Tex. 2002).  Because we have no
statutory authorization to review the trial court=s interlocutory order denying appellant=s motion for a temporary restraining order, we dismiss this appeal for
want of jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL D:   LIVINGSTON, DAUPHINOT,
and HOLMAN, JJ.

DELIVERED:
January 3, 2008











[1]See Tex. R. App. P. 47.4.