# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00640-CV

**In re Jonathan Hauck**

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Jonathan Hauck filed a petition for writ of mandamus alleging that the district court abused its discretion by issuing, over Hauck's objection, a second extension of a temporary restraining order that violated Texas Rule of Civil Procedure 680. We will conditionally grant the writ.

Jonathan Hauck is the respondent in the underlying divorce and suit affecting the parent-child relationship filed by his wife, Loren Hauck.[1] She obtained a TRO "effective immediately" on September 8, 2014 that, among other things, restrained Jonathan from having any unsupervised contact with their child. Loren obtained a first extension of the TRO on September 17, 2014. She obtained a second extension of the TRO, over Jonathan's objection, on October 1, 2014. Jonathan then filed this petition for writ of mandamus.

To obtain mandamus relief, relator must show that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Southwestern Bell Tel. Co., L.P.*, 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding)). Jonathan contends that the district court

---

[1] We refer to the parties by their first names for clarity.

abused its discretion by granting the second extension of the TRO over his objection and in violation of Texas Rule of Civil Procedure 680. Rule 680 provides in relevant part:

> [E]very temporary restraining order granted without notice . . . shall expire by its terms within such time after signing, not to exceed fourteen days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record. No more than one extension may be granted unless subsequent extensions are unopposed.

*Id*. The Texas Supreme Court has held that "Rule 680 governs an extension of a temporary restraining order, whether issued with or without notice, and permits but one extension for no longer than fourteen days unless the restrained party agrees to a longer extension." *In re Texas Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 204-05 (Tex. 2002) (orig. proceeding). The short duration allowed by Rule 680 is "a critical safeguard against the harm occasioned by a restraint on conduct that has yet to be subject to a truly adversarial proceeding." *Id*. at 206-07. Mandamus is available for temporary restraining orders that violate the time limitations of Rule 680. *Id.* at 207.

Here, the district court's order states that it grants the extension of the TRO—originally issued on September 8 and already extended once on September 17—despite Jonathan's objection to the extension:

> On October 1, 2014 the Court considered the Motion to Extend Temporary Restraining Order of **LOREN HAUK**, which was opposed by Respondent, and finds that good cause exists for extension of the temporary restraining order because movant's counsel has a conflict with the setting and needs additional time to prepare for trial.
>
> . . .

This restraining order signed on September 8, 2014 shall continue in force and effect until further order of this Court or until it expires by operation of law.

. . .

SIGNED on October 1, 2014 at 4:05 p.m.

The October 1 order extending the TRO for a second time over Jonathan's objection does not comply with the requirements of Rule 680, and Loren's response to Jonathan's mandamus petition cites no authority indicating otherwise. *See* Tex. R. Civ. P. 680. Issuance of that order was an abuse of the district court's discretion. *See In re Texas Natural Res. Conservation Comm'n*, 85 S.W.3d at 204-05. Further, Jonathan has no adequate appellate remedy because TROs are generally not appealable. *See In re Office of Attorney Gen.*, 257 S.W.3d 695, 698 (Tex. 2008) (orig. proceeding) (citing *In re Texas Natural Res. Conservation Comm'n*, 85 S.W.3d at 205).[2]

As such, we conditionally grant Jonathan Hauck's petition for writ of mandamus. *See* Tex. R. App. P. 52.8(c). The writ will issue only if the district court fails to vacate its October 1, 2014 order granting a second extension of the TRO. The motion for temporary relief is dismissed as moot.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Filed: October 13, 2014

---

[2] Because this issue is dispositive of Jonathan's petition for writ of mandamus, we need not reach the additional argument presented in his petition. *See* Tex. R. App. P. 47.1.