**Petition for Writ of Mandamus Denied in Part and Conditionally Granted in Part and Memorandum Opinion filed September 21, 2018.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-00770-CV

_____

## IN RE 2500 WEST LOOP, INC., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**333rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-50232**

---

## MEMORANDUM OPINION

On September 4, 2018, relator 2500 West Loop, Inc., filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Robert Schaffer, ancillary court judge of Harris County, to modify a temporary restraining order (TRO) to permit relator to pursue any rights or remedies in a federal court proceeding. On September 14, 2018, relator filed a supplemental

petition for writ of mandamus in which relator asks this court to compel the Honorable Daryl L. Moore, presiding judge of the 333rd District Court, to vacate a TRO signed September 13, 2018.

## BACKGROUND

On August 16, 2018, the ancillary court judge, Judge R.K. Sandill, entered an order restraining Jetall Companies, Inc., Ali Choudhri, Bradley S. Parker, and 2500 West Loop, Inc. (collectively, "Defendants") from directly or indirectly:

1. foreclosing, or attempting to foreclose on the Building, the Promissory Note (the "Note") executed by Mokaram-Latif West Loop, Ltd., originally payable to the order of Capital One, National Association, assigned by Original Lender to 2500 West Loop, Inc., LLC, a Delaware limited liability company, evidencing a loan in the original principal amount of $6,000,000, secured by the lien and provisions of a Deed of Trust of even date thereto to Sally Bring, Trustee, and personally guaranteed by Osama Abdullatif, as amended and modified.

2. conducting a Substitute Trustee Sale or any other sale or transfer in any way related to the Building, the Note.

Following the issuance of the August 16, 2018 order, and before a hearing could be held on the temporary injunction, relator removed the case to federal court and filed a motion to recuse Judge Sandill.

On August 30, 2018, the date that the August 16, 2008 order expired according to its terms, Judge Schaeffer, acting as the ancillary court judge, entered a TRO–the subject of relator's original petition for writ of mandamus–in which relator and other defendants were restrained from:

(i) Foreclosing, exercising any power of sale with respect to, or attempting to foreclose on any liens on the Real Property and the Building;

(ii) Foreclosing, exercising the power of sale or attempting to foreclose, or possessing any property, cash, accounts, or other assets, tangible or intangible, of ML Partnership;

(iii) Foreclosing, exercising the power of sale or attempting to foreclose, or taking possession of the Building or any books, records or accounts owned, leases, property management contracts, construction contracts, engineering/architectural contracts, plans and specifications with respect to the Real Property and building controlled or used by ML Partnership;

(iv) Appointing a receiver without notice to ML Partnership and the authorization of this court;

(v) Requiring ML Partnership to surrender insurance policies;

(vi) Foreclosing any liens on leases and/or rents derived from the Real Property;

(vii) Foreclosing any liens on any personal property located at the Real Property and any personal property of ML Partnership at any other location;

(viii) Exercising any rights under an assignment of rents derived from the Real Property;

(ix) Exercising any ownership or control over either (i) the rents derived from the Real Property, or (ii) the proceeds of that rent;

(x) Exercising any right of offset or recoupment of money owned by, or in the name of, Plaintiff;

(xi) Interfering with Plaintiffs right to quiet enjoyment of the Real Property;

(xii) Entering upon the Real Property to take possession of, assemble, receive, and collect any personal property;

(xiii) Participating in, providing assistance with or conducting a Substitute Trustee Sale or any other sale or transfer in any way related to the Building, the Loan or the Note;

(xiv) Notifying any tenants or lessees of any space within the Real Property to pay their rents to anyone other than Plaintiff and accepting lease and/or rental payments from the Building's tenants or lessees. All rental and/or lease payments from the Building's tenants should be paid to the Special Master at such location as he may direct; and

(xv) selling, conveying or otherwise transferring the Loan.

After the initial temporary injunction hearing on September 12, 2018, Judge Daryl Moore extended the August 30, 2018 TRO for another 14 days.

In its initial petition for writ of mandamus relator complained that Judge Schaeffer exceeded his authority in issuing the TRO signed August 30, 2018. The order states that it was in effect until the court's hearing on the temporary injunction scheduled September 11, 2018. Judge Moore began the temporary injunction hearing September 12, 2018, but did not complete the hearing that day. To facilitate completion of the hearing and review of the parties' requests, Judge Moore signed an order on September 13, 2018, extending the TRO another 14 days.

On September 14, 2018, relator filed a supplemental petition for writ of mandamus in which it argues that the order signed September 13, 2018 should be vacated because the order violates Texas Rule of Civil Procedure 680.

## ANALYSIS

To obtain mandamus relief, relator must show that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Southwestern Bell Tel. Co., L.P.*, 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)). Relator contends that Judge Moore abused his discretion by granting the second extension of the TRO in violation of Texas Rule of Civil Procedure 680. Rule 680 provides in relevant part:

> [E]very temporary restraining order granted without notice ... shall expire by its terms within such time after signing, not to exceed fourteen days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record. No more than one extension may be granted unless subsequent extensions are unopposed.

*Id*. The Texas Supreme Court has held that "Rule 680 governs an extension of a temporary restraining order, whether issued with or without notice, and permits but one extension for no longer than fourteen days unless the restrained party agrees to a longer extension." *In re Texas Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 204–05 (Tex. 2002) (orig. proceeding). The short duration allowed by Rule 680 is "a critical safeguard against the harm occasioned by a restraint on conduct that has yet to be subject to a truly adversarial proceeding." *Id*. at 206–07. Mandamus is available for temporary restraining orders that violate the time limitations of Rule 680. *Id*. at 207.

Real party in interest, Mokaram-Latif West Loop, Ltd, filed a response to relator's supplemental petition in which it argued that the trial court did not violate Rule 680. Real party argues that although there are three orders in this case, Judge Moore's September 13, 2018 order was not a second extension of the first order signed August 16, 2018.

The parties agree that the September 13, 2018 order extends the August 30, 2018 order. Real party argues that the August 30, 2018 order was a completely new TRO and did not extend the August 16, 2018 order; therefore, the September 13, 2018 order was not a second extension of the August 16, 2018, but a permissible first extension of the August 30, 2018 order. The August 30, 2018 TRO does not, on its face, purport to extend the August 16, 2018 order, though it was issued on the date that the August 16, 2018 order would expire. However, the restraint, although broader in the August 30, 2018 order, essentially has the same effect on relator. The supreme court has said, "if a party can obtain unlimited extensions of a temporary restraining order, there would be no reason to ever seek a temporary injunction, which has more stringent proof requirements." *In re Texas Nat. Res. Conservation Com'n*, 85 S.W.3d at 204.

Although the August 30, 2018 does not contain specific language extending the August 16, 2018 order, its effect on the parties is the same. The supreme court has interpreted the requirements of Rule 680 in such a way as to not permit a party to continually request temporary restraining orders without requiring the party to meet the more stringent requirements of obtaining a temporary injunction. The September 13, 2018 order extending the TRO for a second time does not comply with the requirements of Rule 680. Issuance of that order was an abuse of the trial

6

court's discretion. *See id.* at 204–05. Further, relator has no adequate appellate remedy because TROs are generally not appealable. *See In re Office of Attorney Gen.*, 257 S.W.3d 695, 698 (Tex. 2008) (orig. proceeding). As such, we conditionally grant relator's supplemental petition for writ of mandamus. *See* Tex. R. App. P. 52.8(c).

With regard to relator's initial petition for writ of mandamus filed against Judge Schaeffer regarding the August 30, 2018, we deny mandamus relief.

## CONCLUSION

We conditionally grant mandamus against Judge Daryl Moore, presiding judge of the 333rd District Court. We are confident that Judge Moore will vacate the September 13, 2018 order extending the temporary restraining order. The writ will issue only if Judge Moore fails to vacate the order. All other relief requested by relator is denied.


PER CURIAM

Panel consists of Justices Christopher, Jamison, and Brown.