# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00215-CV

### In Re Permian Highway Pipeline LLC and Kinder Morgan Texas Pipeline LLC

## ORIGINAL PROCEEDING FROM HAYS COUNTY

## O R D E R

**PER CURIAM**

Relators Permian Highway Pipelines LLC and Kinder Morgan Texas Pipeline LLC have filed a petition for writ of mandamus and an emergency motion for temporary relief. *See* Tex. R. App. P. 52.1, 52.10(a). The Court has received responses from the respondent trial court and real party in interest Electro Purification, LLC. The Court had specifically requested that respondent address relators' assertion that the trial court has refused to schedule a hearing by teleconference or videoconference on the temporary injunction, in contravention of the Texas Supreme Court's guidance that temporary restraining orders and temporary injunctions remain essential functions even during the current COVID-19 crisis, and instead has postponed the hearing indefinitely. *See* https://www.txcourts.gov/media/coronavirus-covid-19-court-operation-guidance/ at Guidance Issued 3/5/2020, 3/12/2020, & 3/26/2020 (explaining that essential proceedings "that must occur in the first 7 days" include "temporary restraining orders/temporary injunctions" but recommending that in-person proceedings be delayed until at least May 8 and

that essential proceedings occur in person only if holding proceeding remotely is not possible or feasible).

In its response, the trial court has given assurances that it is working toward acquiring the technological capability to conduct an evidentiary hearing remotely, while adequately ensuring the parties' rights to a hearing that complies with the court's rules. We recognize that these are unprecedented circumstances and that the trial court may need additional time to put an appropriate system in place to successfully hold a remote evidentiary hearing involving multiple law firms and attorneys, numerous litigants, and the submission of evidence. *See* https://www.txcourts.gov/media/coronavirus-covid-19-court-operation-guidance/ at Guidance Issued 4/2/2020, Recommendations & Tips on Holding Zoom Virtual Hearings (providing information available from the Office of Court Administration on Zoom licenses and other resources for help with conducting remote proceedings). We are also sympathetic to the trial court's concern that it not endanger essential staff who fall into the category of people who are most at risk from an in-person hearing. Our concern is that "mandamus is available to remedy a temporary restraining order that violates Rule 680's time limitations" and that the extension order at issue here violates Rule 680 by extending the temporary restraining order indefinitely. *In re Texas Nat. Res. Conservation Comm'n*, 85 S.W.3d 201, 207 (Tex. 2002) (holding trial court abused its discretion by granting extension of temporary restraining order for more than sole fourteen-day extension allowed by Texas Rule of Civil Procedure 680).

However, given the extenuating circumstances presented by the COVID-19 crisis and the trial court's assurance that it is not refusing to have the hearing but instead intends to have the hearing remotely as soon as it is technologically feasible, we cannot conclude that the trial court has abused its discretion at this point. We note that the trial court signed the initial

2

temporary restraining order on March 12, and only 22 days have passed since that date. Because the trial court's extension order does not provide a mechanism by which the parties may prompt a hearing when the trial court has acquired the necessary technological capabilities, the Court orders relators and real party in interest to confer with the trial court next week on the status of its technological capabilities and to file a joint status report providing the Court with an update (including an expected hearing date if one has been set) on or before April 10, 2020.

Relators' emergency motion and petition for writ of mandamus remain pending before the Court.

It is ordered on April 3, 2020.

Before Justices Goodwin, Kelly, and Smith