

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-23-00007-CV

_____

## IN THE MATTER OF THE MARRIAGE OF
## ANGELA ANNE LYNCH CHILDERS AND
## JAMES ABRAHAM CHILDERS, III

On Appeal from the County Court at Law No. 1
Parker County, Texas
Trial Court No. CIV-20-0362

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

James Abraham Childers, III (Childers), and Angela Ann Lynch Childers (Lynch) were married on July 28, 1998. In 2020, Lynch filed suit seeking a divorce from Childers, who filed a counterpetition for divorce. After two years of contentious litigation, the trial court entered a decree of divorce and divided the community estate pursuant to a mediated settlement agreement. On appeal,[1] Lynch raises no complaint about either the decree of divorce or the property division. Instead, she argues that the trial court erred by (1) appointing Allen Crumley to sell 289 acres of community real estate, (2) failing to halt an excavation of community real estate, and (3) setting a hearing during Rosh Hashanah, a religious holiday observed by Lynch.

We conclude that the trial court did not abuse its discretion by appointing Crumley and did not err by denying Lynch's emergency motion for a temporary restraining order to halt an excavation on community real estate. We also find that Lynch has failed to preserve her last point of error. As a result, we affirm the trial court's judgment.

## I.    Factual Background

The record shows that the parties enjoyed a large marital estate and owned multiple businesses. In her live pleading, Lynch accused Childers of fraudulently depleting the community estate and transferring property to third parties. She also alleged that Childers had formed a conspiracy "together with business associates, and/or third parties," to "intentionally, knowingly, and/or recklessly destroy, conceal, encumber, transfer, and otherwise harm and

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Second Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

reduce the value of community property." In her effort to prove her claims, Lynch sought discovery of business transactions with Jerry Patton, Samuel Childers, and Trey Childers. Due to various unresolved disagreements, Lynch and Childers agreed to appoint Gerry Orth as a receiver over community assets. After two years of litigation, the trial court ordered the parties to mediate the case on July 28, 2022.

As a result of the mediation, the parties entered a "FULL AND FINAL SETTLEMENT OF ALL ISSUES" through a mediated settlement agreement (MSA). The MSA contained an agreed division of community assets and specified, "This resolves any and all claims of any type between husband and wife, including but not limited to tort, contract, waste, reimbursement, fraud, reconstituted estate, etc." Among other things, the MSA awarded Lynch fifty-five percent of community assets held by Orth and awarded the remaining forty-five percent to Childers. As for Lynch's claims against third parties, the MSA stated that claims against Samuel, Patton, or any other third party would be filed in a different lawsuit and with a different cause number.

The MSA also provided that 289 acres of land could be sold "by a neutral real estate agent," "but [the] parties agree[d] it [could not] be sold by Gerry Orth," Jim Martin, or Railhead Realty. To facilitate the sale, Childers filed a motion asking the trial court to appoint Ryan Zammaron, Jake Link, or Allen Crumley to sell the 289 acres of land located at 4500 White Settlement Road, Willow Park, Texas (the Property). Lynch filed her own pro se motion seeking to appoint Stacy Lynch, who had "no relation or acquaintance with [Lynch]," (emphasis removed), Mitch Hendon, or Tom Brooks. Lynch's motion asserted that Zammaron was not neutral because he lived in the same small town as Childers's son and was of "similar age" and

3

claimed that Link was not neutral because he had prior real estate transactions with Childers. After stating that she believed a neutral agent to be "an agent having no prior history with either party," Lynch said, "Crumley's collusion with [Childers], buyer's real estate agent[,] and [Lynch's] and [Crumley's] Attorneys[] in the sale of the Marital Estate . . . disqualifies him as neutral."

The trial court set the motion to appoint the real estate agent for September 26, 2022, but the hearing was canceled. On October 3, the trial court overruled Lynch's objection to Crumley and appointed him to sell the Property "for a price that [was] mutually agreeable to the parties."

On October 21, Lynch filed a pro se "Emergency Motion to Halt Excavation and Sale of Community Property Backfill Soil and Request for Temporary Restraining Order." The motion alleged that Childers, along with his neighbors and Ryan Pollard of Conatser Site Construction, Inc., had

> deliberately and deceptively engaged in an unidentified excavation project, altering a body of water, flood zone[,] and flood boundary solely owned by the community, and an unauthorized contract to remove unknown acres worth of backfill soil from the community estate, destroying the real property of the community in the process.

The trial court set the motion for hearing on November 9, during which Lynch simply said, "Crumley is in with the entire group," including "Jerry Patton . . . and numerous others" conducting "a pre-sale of this land."

Also on November 9, Lynch filed a pro se motion for the trial court to reconsider Crumley's appointment and its decision denying the emergency motion to halt excavation. The trial court denied the "Emergency Motion to Halt Excavation and Sale of Community Property

4

Backfill Soil" and impliedly denied the motion to reconsider Crumley's appointment. Instead, it entered a final decree of divorce dividing the community estate in the manner set forth by the MSA.

## II.     The Trial Court Did Not Abuse Its Discretion by Appointing Crumley

In her first point of error, Lynch argues that the trial court erred by appointing Crumley. She alleges that Crumley was a not neutral party because he participated in the sale of marital property during the divorce. As a result, Lynch complains that the trial court failed to enforce the MSA by appointing a neutral real estate agent. We disagree.

We review the trial court's decision to overrule Lynch's objection to Crumley and to appoint him to sell the Property for an abuse of discretion. *See Peek v. Mayfield*, No. 02-20-00107-CV, 2021 WL 3205061, at *4 (Tex. App.—Fort Worth July 29, 2021, no pet.) (mem. op.). "A trial court abuses its discretion if it acts without reference to guiding rules and principles such that the ruling is arbitrary or unreasonable." *Id.* (quoting *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717 (Tex. 2020)). "A decision is arbitrary when it is made without fair, solid, and substantial cause or reason." *Id.* (citing *Burlington N. & Santa Fe Ry. Co. v. S. Plains Switching, Ltd.*, 174 S.W.3d 348, 352 (Tex. App.—Fort Worth 2005, no pet.)).

The trial court found Crumley to be a neutral real estate agent and appointed him to sell the Property for "a mutually agreeable listing price and final sale price." Although Lynch argued that Crumley was involved in selling the marital home, aside from Lynch's own assertions, the record does not show that Crumley sold the martial home. Instead, the record shows that Orth was appointed as receiver over the marital home, which was sold for fair market value in the

5

absence of a record showing otherwise. Even if the trial court had found that Crumley participated in selling the marital home, it was free to conclude that he did so in a neutral manner since no evidence demonstrated otherwise. Also, the trial court was free to reject Lynch's conclusory assertions at the November 9 hearing that Crumley was involved in the alleged excavation of community property or sale of backfill soil.

We find that the record does not support Lynch's conclusory assertions that Crumley was not a neutral real estate agent. *See* TEX. R. APP. P. 38.1(i); *Kadow v. MAA, Watermark*, No. 02-22-00038-CV, 2022 WL 17841131, at *6 (Tex. App.—Fort Worth Dec. 22, 2022, no pet.) (mem. op.). Also, because the MSA contained a list of "non-neutral" real estate agents; Crumley was not on that list; and the trial court found Crumley to be a neutral real estate agent, the trial court did not fail to enforce the MSA. Consequently, we find that the trial court did not abuse its discretion in appointing Crumley to sell the Property. We overrule Lynch's first point of error.

## III.    Lynch Has Not Shown Error In the Trial Court's Denial of Her Emergency Motion

In her second point of error, Lynch argues that the trial court erred by failing to grant her pro se motion for a temporary restraining order to halt an excavation and purported sale of community property. The Second Court of Appeals has explained that, "while an interlocutory appeal from the grant or denial of a temporary injunction is allowed, no statutory provision permits an appeal from the grant or denial of a temporary restraining order." *Westbrook v. Fondren*, No. 2-09-173-CV, 2009 WL 2914311, at *2 (Tex. App.—Fort Worth Sept. 10, 2009, no pet.) (per curiam) (mem. op.); *see In re Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex. 2002) (orig. proceeding) ("A temporary restraining order is generally not

appealable."). Even so, to the extent that Lynch argues that language in the final judgment also denied her requested relief, giving us jurisdiction over this point, we find that she can show no error in the denial of her pro se motion because it did not comply with procedural rules.

Temporary restraining orders are governed by Rule 680 of the Texas Rules of Civil Procedure, which requires "specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result." TEX. R. CIV. P. 680. "An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standards." *Martinez v. Mangrum*, No. 02-13-00126-CV, 2014 WL 1389566, at *3 (Tex. App.—Fort Worth Apr. 10, 2014, no pet.) (mem. op.); *see In re St. Mark's Sch. of Tex.*, No. 05-23-00369-CV, 2023 WL 3220937, at *4 (Tex. App.—Dallas May 3, 2023, orig. proceeding) (mem. op.).

Here, Lynch's request for a temporary restraining order was not verified or supported by an affidavit. *See* TEX. R. CIV. P. 680; *Ex parte Pierce*, 342 S.W.2d 424, 426 (Tex. 1961) (orig. proceeding).[2] Because Lynch's motion noted that she was not receiving the community property in kind, her motion failed to show that monetary compensation would not remedy the alleged wrong. As a result, we find no error in the trial court's decision overruling Lynch's pro se

---

[2]Lynch subsequently verified her "Emergency Motion for Reconsideration to Enforce MSA Neutral Agent Stipulation to Halt Real Estate Fraud," to which she attached, *in toto*, her emergency motion for a temporary restraining order and the exhibits thereto. However, the verification addressed only the contents of the motion for reconsideration. The result would not change even if we were to consider this reconsideration verification as a verification of the emergency motion for a temporary restraining order. This is because the reconsideration motion, like the motion for a temporary restraining order, sought monetary relief from Childers. In particular, Lynch sought to readjust the percentage distribution of the sale of the community estate to seventy percent in her favor on account of, among other things, the actions by Childers during the pendency of the case such as the actions alleged in the motion for a temporary restraining order.

"Emergency Motion to Halt Excavation and Sale of Community Property Backfill Soil and Request for Temporary Restraining Order."[3]

We overrule Lynch's second point of error.

## IV. Lynch Has Failed to Preserve Her Last Point of Error

Lynch complains that the trial court set the hearing date for the competing motions to appoint a real estate agent for September 26, 2022, during Rosh Hashanah. In her third point of error, Lynch argues that the trial court erred when it "failed to reschedule hearings for a time when Lynch, a Messianic Jew, could be present."[4] We find that Lynch failed to preserve this point of error for our review.

"As a prerequisite to presenting a complaint for appellate review, the record must show that" it "was made to the trial court by a timely request, objection, or motion that . . . stated the grounds for the ruling . . . with sufficient specificity to make the trial court aware of the complaint." TEX. R. APP. P. 33.1(a). Our review of the record shows that Lynch did not file any request to continue the hearing. Although her brief claims that she "previously informed all involved—including court staff—that she would be unavailable," the claim is not supported by our appellate record.[5] Instead, the record shows that Lynch was represented by counsel on

---

[3]Moreover, Lynch's motion asserted that she had "appeal[ed] to the [trial] Court for help numerous times for the same defrauding of the community, threat of fraud, constructive and material, and collusion throughout the entirety of [the] case from [a] September 28, 2020[,] hearing." When she signed the MSA, Lynch agreed that all claims for waste and fraud against Childers were resolved. She also agreed that claims against third parties would be raised by separate pleadings in a different cause.

[4]Lynch's motion only complains of the September 26, 2022, date.

[5]The first mention of any conflict with the hearing date occurred in a pro se motion filed on November 9, which was well after the hearing and, as a result, was untimely. In that pro se motion, Lynch merely stated, "Both attorney's [sic] failed to check Petitioner's availability for hearing dates and proceeded to set Motion To Appoint A Real Estate

8

September 26, but instructed her counsel "not to work on her behalf" and "terminated the attorney-client relationship." In her own pro se motions, Lynch stated that the September 26 hearing was canceled.

Because nothing in our appellate record shows that Lynch timely objected to the trial court's hearing setting or sought a continuance based on her religious beliefs, we conclude that her last point of error is unpreserved and overrule it.

## V.    Disposition

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:    July 11, 2023
Date Decided:    August 1, 2023

---

Agent on September 26, 2022, when Petitioner had a conflict due [to] religious observance . . . , without informing Petitioner of the dates at all they [sic] until the information had to be disclosed in the Motion to Withdraw. Had office staff attempt to deceive Petitioner as to their omission."